## *AT A CIRCUIT COURT, AT CHAMBERSBURG, [*95 SEPTEMBER 1804.

CORAM, YEATES AND SMITH, JUSTICES.

# Lessee of Thomas Hartley, esq. *against* Mary M'Anulty.

A deed without any consideration expressed in the body of it, but with a receipt by the grantor, for 250 specie, in full of the consideration money, is sufficient to pass the land.

A fraudulent deed, though void against creditors, is good as a voluntary deed, between the parties.

A POINT was reserved on the trial of this cause, at the last Circuit Court, which the justices continued under advisement. They now proceeded to deliver their opinions.

YEATES, J. This cause was tried on the 6th October 1803, and the plaintiff obtained a verdict for 95¼ acres in Fannet township. He claimed under a sale by the sheriff, who seized and sold the same as the property of Alexander Moore. At the trial a point was made, and reserved for further consideration, whether the deed from Robert Karr, the patentee, to Alexander Moore, dated 5th April 1787, passed any estate to the grantee. No consideration was expressed in the body of the deed; but a receipt was subjoined thereto, whereby the grantor acknowledged that

" he `had received from the grantee 250    in specie, in full of the
" consideration money."

The general rule of law, unquestionably is, that to raise an use
by the execution of a deed, there must either be a good, or val-
uable consideration ; as marriage, the payment of money, &c.
By a bargain and sale on a general consideration, no use is raised.
1 Co. 176, *a.*    Park. § 553.    A bargain and sale for divers good
causes and considerations, without any money, is not good,
though it be recited, that the bargainee was bound by recogni-
zance for the bargainor.    Cro. El. 394.    And it has been held,
that the consideration of old acquaintance, or of being chamber
fellows, will not raise an use.    2 Rol. Ab. 783, pl. 5, 6.

But it is equally clear, that there is no indispensable necessity,
that the consideration money should be contained in the deed
itself.    Because a bargain and sale without expressing any con-
sideration, may be helped out by averment, that money was paid.
1 Keb. 12.    2 Inst. 672.    1 Co. 176.    7 Co. 39, *a.* 40, *b.*    11 Co.
24.    2 Rol. Abr. 786. pl. 1.    2 Mod. 250.    1 Leon. 170.    Moor.
570.    If no consideration is mentioned in a deed, you may en-
ter into proof of consideration ; 3 T. R. 474 ; but if any con-
sideration is mentioned, and not said for *other considerations,*
you cannot prove any other.    1 Vez. 127.    2 Wms. 804.

*A consideration will arise equally where a person [*96]
gives up a certain pecuniary advantage at the time of the
grant, as when a sum of money is actually paid down.    2 Atky.
15*b.*    The consideration of deeds is not to be weighed in too
nice scales.    Ib. 514.    The *quantum* of a valuable considera-
tion in a deed is not regarded in law.    Ib. 148.    2 Vent. 35.
Barnard. 384.    22 Vin. 202. pl. 2.    In purchases, the question
is not, whether the consideration be adequate, but whether it
be valuable, without fraud, within the statutes of Elizabeth.
Finch's Rep. 104.    2 Cha. Ca. 159.    And therefore it has been
determined, that the consideration of a pepper corn *is good to
raise an use,* to make a tenant to the præcipe.    1 Mod. 262.
2 Mod. 249.    2 Vent. 35.    Indeed, it has been said, that a deed
from its solemnity, imports a consideration.    1 Fonbla. 335.
3 Burr. 1663.

How then stands the case before the court ?    Here is a receipt
from Karr to Moore, for 250 specie.    We know not what were
the 250, whether eagles, half-eagles, dollars, cents or dismes ; but
this we know, that they were specie, and we also know from the
resolves of congress during the revolutionary war with Great
Britain, that specie in its true signification means hard money,
gold or silver, as opposed to the paper continental and state bills
of credit, which the necessities of the times gave birth to.    It
then means something valuable, as the word coin in the English
books, and of whatever value the 250 were, whether little or
great, the word specie intrinsically imports a value.    This then
brings it to the case in 2 Rol. Abr. 785. pl. 2.    If one in consid-
eration of a certain sum of money, bargains and sells lands,

this is a good consideration to raise an use, without averment of any sum in certain ; for the quantity of the sum is not material. It is a good sale, if there be any money.    Moore 378.

The deed in question therefore passed an interest in the lands of Alexander Moore, and was recorded.    Even considered as a voluntary deed, it was good as between the parties.    And the lands having been taken in execution as the property of Moore, are well passed by the sheriff's deed to the purchaser.    And consequently, my opinion is, that judgment be entered for the plaintiff.

SMITH, J.    A deed or other grant made without any consideration is, as it were, of no effect, for it is construed to enure to be effectual only to the use of the grantor himself.    2 Bla. 296. cites Perk. § 533.    A bargain and sale is not good, if no consideration be alleged, not so much as *pro quadam pecuniæ summa*. T. Ray. 201.    7 Vin. 421. pl. 10.    But upon the issue of *non concessit*, the want of setting it forth is cured by verdict ; for it shall *be intended to be proved on the trial.    1 Vent. 108.    1   [*97 Lev. 308.    If a man pleads a bargain and sale in which no consideration of money is expressed, it must be averred that it was for money, and the words, for divers considerations, shall not be intended for money without averment.    7 Vin. 421 pl. 3.    Cites Moore 569.    2 Rol. Abr. 786.    1 Co. 176.    Though no valuable consideration be expressed in the indenture, yet if any were given, the same may be averred, and the land does sufficiently pass.    4 Inst. 672.    7 Vin. 421, pl. 4.    If the deed expressed for a competent sum of money, though the certainty of the sum be not expressed, it is good enough ; for, against this express mention of the deed, no averment nor evidence shall be admitted.    7 Vin. 421. pl. 3.    1 Bac. 277.    Moor 378. 569.

If one bargain and sell lands in consideration of a certain sum of money, it is sufficient to raise an use.    2 Rob. Ab. 786.

The act of 3d April 1781, directs that all debts, contracts, &c. shall be liquidated by a scale, by reducing them to the true value in specie.    The creditor shall recover the true value of his debt reduced to specie.    1 St. Laws 880, 882.    Another act of 21st June 1781, declares, that congress, &c. have been necessitated by reason of the scarcity of specie, to emit large sums of paper money, &c., and the quantity of specie being of late considerably increased within the United States, that congress have recommended the repeal of all laws making paper bills of credit equal to gold and silver.    1 St. Laws 902.    See also § 12, 14, 15 and 16, of the same act.

In the resolves of congress of 22d May 1781, the terms, real efficient money, that is to say, in silver and gold, specie value, solid coin, are all used as synonymous.    Ibid. 7 May.    Specie value is used in the same sense.

The principles and rules of the common law as now universally known and understood, are so strong against fraud in every

shape, that the common law would have attained every object proposed by 13 Eliz. c. 5, relating to creditors only, and by 27 Eliz. relating to purchasers.   Cowp. 434.   1 Bac. Suppl. 582. Whether a transaction be fair or fraudulent, is often a question of law : it is the judgment of law upon facts and intents.   1 Burr. 474, 497.   1 Bla. Rep. 196.   Nothing is so silly as fraud. Lofft. 53.   All statutes against fraud shall be liberally and beneficially expounded, to suppress the fraud.   3 Co. 82.   5 Co. 60, 77.   1 Atky. 205.   Cowp. 434.   The common law doth so abhor fraud and covin, that all acts as well judicial, as others, and which of themselves are just and lawful, yet being mixed with fraud and deceit, are in judgment of law wrongful and unlawful.   3 Co. 78.   1 Burr. 395.   2 Inst. 213, 215.   There is no instance, where the *original contract is fraudulent, that any subsequent act can purge it.   1 Wils. 323.

*98]

If A. seised of land in fee, maketh a fraudulent conveyance, to the intent to defraud purchasers, against stat. 27 Eliz., and continueth in possession, and is reputed owner ; B. entereth into a communication with A. for the purchase of it, and by accident B. hath notice of this fraudulent conveyance, and yet concludes with A., B. shall avoid the fraudulent conveyance, notwithstanding his notice.   5 Co. 61. b. *per* WRAY, C. J.

A voluntary conveyance is binding on the party, and all claiming under him.   1 Fonbla. 264, 270.   Cro. Jac. 270.   A. indebted in 100l., made a deed of his goods to B. for 20l., though the deed is void against all creditors by 13 Eliz., yet against the party, his executors and administrators, it remains a good deed. Yelv. 197.   Cro. Jac. 270.   3 Co. 82.   Cro. El. 445.   13 Vin. 517, pl. 3, 554.   2 Bac. Ab. 605.   Although a purchaser for valuable consideration within 27 Eliz., hath notice of a fraudulent conveyance before he purchases, yet after the purchase he shall avoid it ; for the statute expressly avoids such conveyances ; so that, whether the purchaser hath notice of them or not, is not material.   5 Co. 60. b. Gooch's case.

Supported by the foregoing authorities, I am of opinion,

1. That the deed from Karr to Moore is sufficient to convey the land ; the consideration being stated in the receipt is as good in law, as if it had been mentioned in the body of the deed. 2 Atky. 202.

2. The word specie has become technical in the United States, and by the acts of the legislature of Pennsylvania, it is synonymous with gold and silver, real efficient money, solid coin or current money.   The receipt in this case is for 25c specie, or suppose 250 to be omitted, for specie (i. e. for solid coin) " in full consideration for the above land."   These words are just of the same force and effect, as " for a competent sum " of money," or in consideration " of a certain sum of money " which have been held sufficient.

3. Had the deed from Karr to Moore been made *bona fide* and for a valuable consideration, the estate would have vested

in Moore, and been liable to his debts. If, as was stated by the defendants' counsel, it was made by Karr, ." to the end, pur- "pose and intent, to delay, hinder, or defraud creditors," &c. it shall be deemed, and taken only as against such creditors to be clearly and utterly void by stat. 13 Eliz. c. 5. Yet, as against Karr, his executors and administrators, it is a good deed, and consequently the land so conveyed was liable to Moore's debts.

4. Whether the lessor of the plaintiff had notice before he bought, though not before his judgment, is not material; as has *been the settled law ever since the decision of Gooch's case and Stander's case therein cited. 5 Co. 60 b. [*99

I concur that judgment be entered for the plaintiff.

Cited in 2 Watts 227 in support of the decision that the statute of 13 Eliz. makes void a deed only as against creditors, but not against the party himself, his execu- tors or administrators. If the action be against administrators, for goods in the possession of their intestate at the time of his death, which the plaintiff alleges be- longs to him, it is competent for the defendant to show that the intestate was insol- vent at the time of his death, and that they defend for creditors. The statute then will bar the plaintiff's recovery.

Cited in 24 Pa. 66 to show that obligors in an instrument under seal made for fraudulent purposes cannot shield themselves from liability by alleging their own fraud; that therefore a husband can recover upon an agreement to pay to him a cer- tain sum of money, which was made for the purpose of defrauding his wife out of her interest in his real estate sold to the obligors.

Cited in 32 Pa. 20 to show that if a deed does not state the true consideration paid, the truth may be shown for the purpose of ascertaining the amount.