Howes
v.
Barker.

Where B. by articles of agreement, covenanted to sell and convey to H. a tract of land, at 9*l.* per acre, and a deed was accordingly executed and the purchase money paid according to the quantity of acres expressed in the deed, it was held, that no parol evidence was admissible, to show that there was a mistake in the quantity mentioned in the deed ; and that an action for money had and received, to recover back the money paid for the number of acres alleged to be deficient, was not maintainable.

Howes *against* Barker.

THIS was an action of *assumpsit*. The declaration contained three counts. 1. For money had and received to the use of the plaintiff. 2. For money paid out and expended. 3. For money lent and advanced. The defendant pleaded *non-assumpsit*. The cause was tried before Mr. Justice *Thompson*, at the *Dutchess* circuit, in *September*, 1807.

The plaintiff's counsel, on opening the cause to the jury, stated, that the plaintiff and defendant, on the 20th *August*, 1798, executed articles of agreement, under their hands and seals, by which the defendant agreed to sell and convey to the plaintiff, for the sum of *nine pounds* per acre, a certain parcel of land, mentioned in the agreement, and covenanted to execute a good warrantee deed for the same, on or before the 1st day of *April* following, on the plaintiff's paying him for the land, at the terms agreed upon ; that the defendant, afterwards, on the 1st *April,* 1799, executed a deed to the plaintiff, in the usual form, and with the usual covenants, in which the premises conveyed were described as containing 275 acres, exclusive of any allowance for highways, and the plaintiff paid to the defendant 6,187 dollars and 50 cents, being the price of 275 acres at 9*l.* per acre ; that the premises mentioned in the agreement, and described and conveyed in the deed, on actual mensuration, afterwards, were found to contain only 263 acres, there being a deficiency of 12 acres, by means of which deficiency in the supposed quantity of the land, the defendant had paid by mistake, 270 dollars over and above the value of the land, at the rate agreed to be paid for the same ; to recover which sum, with the interest thereon, the present action was brought. Upon this statement of the case, the defendant moved for a nonsuit, on the ground that the action was

not maintainable, and the judge was of opinion, on the facts disclosed, that no action could be sustained.

The plaintiff then offered to prove, that at the time the deed was executed, the defendant agreed with the plaintiff, that the quantity of acres conveyed, should be the subject of future inquiry, and that the sum paid should be rectified by the actual quantity of land ; but this evidence was overruled by the judge.

The plaintiff then offered to prove that the defendant, after the execution of the deed, had acknowledged the mistake, and had promised to refund the money, so received by mistake, and for that purpose, produced a letter written by the defendant to the plaintiff, which was admitted and read, in which he says, " I will come down next week, and early enough in the day to send for Mr. *Baldwin*. All I want is to be convinced of the quantity of land, and *Baldwin* says he can do it." The judge being of opinion that neither the facts stated, nor the evidence produced, were sufficient to support the action, ordered the plaintiff to be called, and a nonsuit was accordingly entered.

A motion was, afterwards, made to set aside the nonsuit.

*J. Tallmadge*, for the plaintiff. The plaintiff does not complain of any breach of the agreement between him and the defendant, but admits that the deed was a complete fulfilment of that agreement. The present action is not brought to impeach or destroy the written agreement, or the subsequent deed. The plaintiff alleges that the defendant has received money, which he ought not in justice to retain, and the agreement is produced as evidence of that fact. If the plaintiff, on the ground of fraud or mistake, could find relief in a court of equity, there is no good reason why he should not obtain the same justice in a court of law, in this form of action. Fraud, or mistake, is as much a ground of relief in the one court, as in the other. Suppose a bond had been given for a prior debt, and it should be shown, that there had been an

NEW-YORK,
Nov. 1808.

Howes
v.
Barker.

\* Sugden's Law
of Vendors, 119.
201. 2 Equity
Cases, Ab. 688.
† 2 Wm. Black.
1239. 1 Johns.
Rep. 414.

error in the calculation of the sum expressed in the bond, would not a court of law correct the mistake ?\*

*Emott,* contra. Parol evidence of conversations, between parties, prior to a written agreement, are never admitted. Where there is a solemn deed or agreement in writing, no parol agreement can be set up, to alter or vary, in any manner, the written contract.† Admitting that there was a special agreement about the quantity of the land, to be estimated afterwards, it ought to have been declared on, that the defendant might come prepared to meet the plaintiff's demand. It would be improper to admit the evidence of such an agreement, under a general money count. The authorities cited, show that a mistake of the kind alleged, can never be rectified in a court of law, which has not power to afford adequate relief. The plaintiff is estopped in a court of law, to aver a mistake, in his own solemn deed. If he cannot allege a mistake in the deed, he cannot recover in a form of action grounded on such mistake. If there had been a fraud on the part of the defendant, and it could be fairly brought before the court, the plaintiff might, perhaps, find relief at law ; but not in the present form of action. He must bring a special action on the case, stating the fraud, which must be fully proved. But the plaintiff does not pretend that there was any fraud ; but grounds his claim wholly on the mistake.

THOMPSON, J. Could the plaintiff's action in this case be sustained at law, without infringing upon what I consider well settled principles, I should think the nonsuit ought to be set aside ; for if the facts offered to be proved, were true, there has been a mistake made in the deed, which ought to be rectified. But relief, in my opinion, is not to be had in a court of law. There is no pretence of any fraud having been practised upon the plaintiff. The most that can be alleged is, that there has been a mistake with respect to the insertion of the consideration money in the deed. The contract between the parties, according to the articles of agreement, was *executory*, and having been

executed, and consummated, by the deed subsequently given, the agreement became null and of no further effect. If it remained in force, the action, if at all sustainable, should have been upon the covenant. This is not like the case of *Weaver* v. *Bentley*. (1 *Caines*, 48.) The court there sustained the action for money had and received, on the ground that the defendant having altogether failed to perform the contract, on his part, the plaintiff had his election, either to proceed on his covenant for damages, or to *disaffirm* the contract, and to bring his action to recover back the money he had paid. The present case, however, is not one where the plaintiff claims the right of disaffirming the contract, but has consummated it by the acceptance of a deed. The deed cannot be considered as an execution of the contract in part only. If an execution at all, it must be of the whole contract, and the articles of agreement are a nullity. If so, the testimony offered in support of the plaintiff's action, to show that the consideration expressed in the deed was more than ought to have been paid, could be viewed in no other light, than as parol evidence, repugnant to the written contract. That such testimony is not admissible, has been repeatedly ruled in this court. (2 *Caines*, 161. 1 *Johns. Rep.* 418.) The language of the court, in those cases, was, that it cannot be a safe, or salutary rule, to allow a contract to rest partly in writing, and partly in parol. Whenever it is reduced to writing, that is to be considered the evidence of the agreement, and every thing, resting in parol, becomes thereby extinguished. I cannot perceive why any parol agreement, varying the consideration money expressed in the deed, does not fall within this rule, as much as if it related to any other part of the contract. There is, however, an express adjudication of this court on that point, in the case of *Schermerhorne* v. *Vanderhuyden*, (1 *Johns. Rep.* 140.) The court there say, " the *consideration* for the assignment is expressly stated in the deed of assignment itself, and the parties are thereby precluded from setting up any greater or different consideration. To al-

low of parol evidence for that purpose, would be to ex⸗ tend, or substantially vary the language of a written con⸗ tract. Though the promise in question may have been made previously to the assignment, yet after the execution of the instrument we must presume, that the father and son altered the consideration mentioned at first, and finally acted upon that which is set forth in the assignment." So in the case before us, we must presume after the execution of the deed, that the consideration therein mentioned, was the one finally agreed on between the parties. The testi⸗ mony offered, to show an agreement, at the time the deed was executed, to have the land surveyed, and the price regula⸗ ted by that survey, was properly rejected, as coming within the principle adopted by this court in the case of *Mumford* v. *M'Pherson*. (1 *Johns. Rep.* 414. See also *Bradley* v. *Blodget, Kirby's Rep.* 22.) The plaintiff was permitted on the trial to adduce testimony to show that the defendant had, after the execution of the deed, acknowledged the mistake, and promised to refund the money, but he alto⸗ gether failed in establishing such a promise.

Whatever view, therefore, is taken of the case, I think the nonsuit ought to stand ; and that the present motion must be denied.

SPENCER, J. was of the same opinion.

KENT, Ch. J. I am of the same opinion. I confess that I have struggled hard, and with the strongest inclina⸗ tion, to see if the action for *money had and received*, would not help the plaintiff, in this case ; but I cannot surmount the impediment of the *deed*, which the plaintiff has ac⸗ cepted from the defendant, and which contains a specific consideration in money, and the quantity of acres con⸗ veyed, with the usual covenant of seisin. Sitting in a court of law, I think I am bound to look to that deed, as the highest evidence of the final agreement of the parties, both as to the quantity of the land to be conveyed, and the price to be given for it. If there be a *mistake* in the deed, the plaintiff must resort to a court of equity, which has had a long established jurisdiction in all such

cases ; and where even parol evidence is held to be admissible to correct the mistake. (1 *Vezey*, 317. 3 *Bro. C. C.* 454. 5 *Vesey*, jun. 595, 596. 6 *Vesey*, jun. 333, 334.) The motion to set aside the nonsuit must be denied.

VAN NESS, J. having formerly been concerned as counsel in the cause, gave no opinion.

YATES, J. not having heard the argument in the cause, gave no opinion.

Judgment of nonsuit.