CHITTENDEN,
December,
1834.

WILLIAM WOOD *vs.* BEACH and FARNSWORTH.

Some consideration is necessary to make a deed of land valid.

Parol proof is admissible to show a consideration where none is expressed in the deed, or the sum is left blank.

This was an action of ejectment. Plea, *not guilty.* On the trial the plaintiff proved that Samuel Calhoun, Jr. was the owner of the premises in question on the 28th day of February, A. D. 1832. The plaintiff then gave in evidence two writs of attachment, judgments, executions, with the officer's return thereon, levying and extending the same on the premises in question in the plaintiff's favor against said Samuel Calhoun, Jr., which were admitted without objection.

The defendants then offered in evidence a deed from Samuel Calhoun, Jr. to said Beach and Farnsworth, conveying the premises in question, dated the 28th day of February, A. D. 1832, which was objected to by the plaintiff on the ground that it did not appear on the face of said deed that it was executed upon any good and sufficient consideration. The defendants then offered to prove by parol that a sufficient consideration was paid by said grantees for the execution of said deed. To the admission of this evidence the plaintiff objected, but the objection was overruled by the court and the testimony admitted. The defendants proved by parol that the deed was executed by said Calhoun in consideration of the payment by the grantees of a note signed Samuel Calhoun, payable to the Bank of Burlington, for nine hundred dollars. On this testimony the court decided that said deed was valid, and ordered a verdict for the defendants;—to which opinion and decision the plaintiff excepted, and the cause passed to the supreme court for revision.

The deed, as to the consideration, was as follows:

"Know all men by these presents, that I, Samuel Calhoun, Jr. of Westford, county of Chittenden and state of Vermont, for and in consideration of the sum of        dollars, current money of the United States, received in full to my satisfaction, of Thompson Beach and Josiah Farnsworth, the receipt whereof I do hereby acknowledge, have given, granted, bargained, and sold, and by these presents do give, grant, bargain, sell, alien, release, convey and confirm unto the said Thompson Beach and Josiah Farnsworth, their heirs and assigns forever," the lands in question.

*Smalley and Hunt for the plaintiff.*—A deed of bargain and sale at common law, if made on sufficient consideration, conveys the use of the land to the grantee. But the land itself remains in

the grantor. But as courts of law took no notice of uses, or trusts, it was necessary to apply to a court of equity to compel an execution of the use.

CHITTENDEN,
December,
1834.

Wood
vs.
Beach and
Farnsworth.

Courts of equity always refused to compel an execution of the use, unless the deed was made upon a valuable consideration. Upon the principle established by the courts of equity, a valuable consideration was necessary to raise the use.

The statute of 27th Henry VIII. merely transfers the possession to the use; but created no new uses, or new modes of raising a use.

Hence both at common law and under the statute of 27 Henry VIII., called the statute of uses, a deed of bargain and sale without consideration left both the land and the use in the grantor.

Even in a deed of feoffment, accompanied with livery of seizin, the feoffee was in equity deemed seized to the use of the feoffor, unless he proved that he had paid a valuable consideration, or the uses were declared by the deed.

This deed, then, upon the face of it, professing to have been made without consideration, conveyed nothing to the grantee under common law, or under the statute of uses.

The inquiry then is, whether our statute gives any effect to this deed, which it did not possess at common law.

The 5th section of the act of 1797 directs that all deeds and other conveyances of any land, &c. signed and sealed by the party granting, and witnessed by two witnesses, and acknowledged and recorded, shall be valid to pass the same without any other act or ceremony in law whatever.

This act makes recording tantamount to livery of seizin, but does not in any other respect give a different effect to the deed than that which it had at common law.

If then a deed of bargain and sale, without consideration, at common law conveyed no interest to the grantee, it can convey none under our statute.

If this deed both at common law and under our statute is upon the face of it inoperative, for the want of consideration, can a sufficient consideration be proved by parol, to support and give effect to the deed?

To the admission of this evidence it is objected—

1. That parol evidence ought not to be admitted to supply the defect of the deed, for this species of evidence can never be adduced to vary or contradict a valid instrument, or to give effect and validity to one that is defective.

CHITTENDEN,
December,
1834.
Wood
vs.
Beach and
Farnsworth.

The cases on the admissibility of parol evidence with respect to the consideration of a deed may be arranged in three classes.

(1) When the party is permitted to aver another consideration consistent with that which is expressed, as in *Mildmay's* case, Cok. Abr. 12, where the deed was expressed to be made for divers good causes and considerations, it was resolved that the bargainee might aver the payment of money or other valuable consideration.

(2) Where a specific consideration is expressed in the deed, it is well settled that no averment can be admitted of any other or different consideration, for that would be to contradict the deed.

(3) Where no consideration is expressed in the deed, or rather where the deed contains no reference to a consideration, it has been held that as between the grantor and grantee, proof of a valuable consideration may be admitted. For as the deed makes no mention of a consideration, it is said that an averment that it was made upon a valuable consideration stands with the deed. But here the deed expresses the negative of a consideration, and if it has any operation it must be as a gift. To admit parol evidence of a consideration, would therefore be in direct violation of both branches of the rule, that it cannot be admitted to contradict or add to the terms of a written instrument.

2. It enables the parties to convey a fee simple by parol.

The section of the act of 1797 was evidently designed to prevent the creation of any estate in land beyond that of a tenant at will by parol. But if the grantee can be permitted to add to this deed after it is executed, delivered, acknowledged and recorded, by parol, the main fact which is necessary to make it a valid deed, this section of the act has been virtually repealed.

In this case it seems to be admitted that the deed without parol proof is inoperative and conveys no title as against the plaintiff. What then conveys the title to the land? Not the deed, for that is admitted to be insufficient for that purpose; but the parol proof, which the grantee may introduce. The adoption of such a principle would entirely destroy all benefit resulting from our system of recording. It enables the grantor and grantee to put upon the record a deed which is valid or invalid, as they should furnish or not furnish proof of a consideration; and this puts them in a position to make the deed effectual or not, as subsequent circumstances may require.

One cardinal maxim in this state is, that all titles to real property, which are to affect creditors, shall appear of record.

This deed, as executed and recorded, conveyed no title to the

CHITTENDEN,
December,
1834.

Wood
vs.
Beach and
Farnsworth.

grantee as against an attaching creditor. Shall the creditor now be sent out of court after having incurred great expense upon the ground of this deed's being inoperative, by the parol proof of the grantee, which he has kept till this time in his pocket?

No case can be found in this state in which parol evidence has been admitted to add or give effect to any title to real estate, which upon the record was defective, as against an attaching creditor.

Executions levied upon real estate are not permitted to be aided by parol evidence.

*Whittemore for defendants.*—1. The deed in question expresses a sufficient consideration—"for and in consideration of the sum of dollars, current money of the United States, received in full to my satisfaction"—is a recital of a good pecuniary consideration to raise a use in the defendants. In consideration of a sum of dollars is at least equivalent to two dollars, and may mean more. It is also recited to be current money of the United States. But suppose the word dollars should be stricken out, as it may be if necessary to support the deed, it would then read for a certain sum of current money of the United States, and such a consideration has always been held to be good. In 2 John. Rep. 230, *Jackson* vs. *Schoonmaker*, a deed of land was held to be good, the consideration whereof was recited to be for "a certain sum of money." In *Jackson* vs. *Alexander*, 3 John. Rep. 491, the words, "for value received," were held to be a sufficient consideration arising upon the face of the deed to conclude the grantor and give efficacy to a deed of bargain and sale. So in Shepard's Touchstone, p. 510, it is said, if a man by deed, in consideration of a "competent sum of money, to him paid, or otherwise promised to be paid, bargain and sell a fee simple, the use will arise to the bargainee well enough."

In Kent's Commentaries, vol. iv. p. 465, he says, "if any sum is mentioned, the smallest in amount or value will be sufficient to raise the use." It is therefore submitted with confidence, that this deed contains on the face of it a sufficient consideration to raise a use to the bargainee.

2. If it be urged that the smallness of the consideration will raise a presumption that the deed was either voluntary or fraudulent, it is answered, that as the sum expressed is indefinite, the defendants are at liberty to rebut that presumption by proving the true consideration paid.

In *Mildmay's* case, 12 p. Cok. Abr. Rep. vol. i. (p. 175 original

CHITTENDEN,
December,
1834.

Wood
vs.
Beach and
Farnsworth.

Reports,) it is said—"A use cannot be raised by any covenant, promise or bargain, &c. upon a general consideration; and therefore, if a man by deed indented and enrolled, &c. for divers *good causes and considerations,* bargain and sell his land to another and his heirs, *nihil operatur inde,* no use shall be raised upon such general considerations, for it doth not appear to the court that the bargainor hath *quid pro quo.* But the bargainee may aver that money or some other valuable consideration was paid or given, if in truth it was so, and the bargain and sale are good."—Shepard's Touchstone, 510, 222. 4 Kent's Com. 465.

In 7 Pick. Rep. 533–7, Parker, Ch. J. says, as smallness of consideration may be relied on as evidence of fraud, the party claiming under the deed may show that another or greater consideration is given than is expressed in it.

3. If it should be decided that the deed does not contain any expressed consideration sufficient to raise a use in the defendants, we still contend that it was competent to prove an actual *bona fide* consideration paid.

It is in the first place observable, that neither Littleton or any of his commentators, nor Blackstone, nor the author of the Touchstone, in their enumerations of the requisites indispensable upon the face of a deed of lands of any description, state that a deed is inoperative unless the consideration is expressed in it. All deeds of gift or feoffment are good without any consideration in fact. It is only required as the foundation of a deed of bargain and sale.— 2 Bl. Com. 297, and notes. Shep. Touch. 221. Accordingly, it has often been decided, both in England and America, that when a deed of bargain and sale contains no consideration expressed upon the face of it, the party claiming under such deed is at liberty to aver and prove a sufficient consideration.—Shep. Touch. 222, 510. *Peacock* vs. *Monk,* 1 Vesey, 128. 3 Stark. Ev. 1004. *Davenport* vs. *Mason,* 15 Mass. Rep. 449. *Wilkinson* vs. *Scott,* 17 Mass. Rep. 249. 8 Conn. Rep. 318. 7 Pick. 533–7, 539. Atherly on Marriage Settlement, 162–4. *Jackson* vs. *Fisk,* 10 John. Rep. 456. 4 Kent's Com. 465. Cok. Abr. Rep. 12.

4. Should it be objected, that purchasers and creditors are likely to be affected by the appearance of the records, the answer is, that they are bound to know the law, and must attach or purchase at the peril of the bargainee being able to prove a sufficient consideration.

5. This question has already been decided in this court.—3 Vt. Rep. 448.

CHITTENDEN,
December,
1834.

Wood
*v*
Beach and
Farnsworth.

6. The ordinary recital of a consideration, and the usual receipt which follows, is no evidence that the consideration has been paid. Matthews' Presump. Ev. 394.

The opinion of the court was delivered by

MATTOCKS, J.—The questions wich arise in this case are—

1. Whether the deed from Samuel Calhoun, Jr. to Beach and Farnsworth was invalid for want of a consideration expressed therein; and

2. Whether parol proof was properly admitted to prove that the deed was in fact given for a valuable consideration.

That part of the deed in question is as follows:—" For and in consideration of dollars, current money of the United States, received to my full satisfaction of," &c. If the proper reading of this passage is—in consideration of dollars, current money, &c. then it would mean two or more dollars, which would suffice, as any sum of money would be sufficient. But if it is to read—in consideration of *" blank"* dollars, current money, &c., as it is common to read an open space left between two words in printed forms, the filling up of which is necessary to make sense of an instrument, then it is no dollars, and of course no consideration is expressed. The syntax of the law is somewhat different from that of general literature. The latter, in ascertaining the meaning of a sentence or paragraph, is governed somewhat by the other rules of grammar also. But the law, in putting its construction upon language, is privileged to apply or reject these other rules, as shall suit the wisdom of its purpose; and upon an emergency, it may even treat any given passage as a *synecdoche*. Yet it will husband this prerogative, and not waste it upon a case that may be determined upon principles that are more ordinary and more safe.

But we leave this point *in dubio*, and decide the case upon the second.

In *Mildmay's* case, Cok. Abr. Rep. 12, it is said—"a use cannot be raised by any covenant, proviso or bargain, upon a general consideration; and therefore, if a man by deed, indented and enrolled, &c. for divers good causes and considerations, bargain and sell his land to another and his heirs, *nihil operatur inde*, no use shall be raised upon such general considerations, for it doth not appear to the court that the bargainor had *quid pro quo;* but the bargainee may aver that money or other valuable consideration was paid or given, if in truth it was so, and the bargain and sale is good." It is observable that this was the case of a use, the doc-

CHITTENDEN,
December,
1834.
———
Wood
vs.
Beach and
Farnsworth. trine of which was, that the land itself did not pass for want of livery and seizin; and if there was no valuable consideration given, then the grantor stood seized to his own use; but if there was, then the grantor stood seized to the use of the grantee; and as deeds of bargain and sale grew out of the law of uses, the law re-requiring a consideration to make the latter valid has descended with it, probably without much reason here, where no livery of seizin is required, as it is not very apparent why a consideration which is dispensed with in other sealed instruments should as between the parties be still required in this; yet this seems to be the law. The only objection that has been made against this ancient authority is, that these general considerations were recited in the deed, and then a particular one was permitted to be averred; whereas, here no consideration is named in the deed, and still a particular consideration was allowed to be proved. But in the case cited, as no use was raised by those general considerations, the deed did not make even a *prima facie* case for the grantee, and the averment and proof of the real consideration became necessary to give effect to the deed and create the use; which seems much like this case of giving parol proof to support and give effect to the conveyance; and several of the other authorities cited by defendants' counsel are explicit upon this point. Shepard, in his Touchstone, vol i. p. 510, says—" for howsoever an averment in this case shall not be allowed and taken against a deed, that there was no consideration given where there was an express consideration upon the deed. Yet when the deed expresses no consideration, (or saith for divers good considerations or the like,) then an averment of a good consideration given shall be received, for this is an averment that may stand with the deed." In 4 Kent's Com. 465, the Chancellor says, " It has long been the settled law, that a consideration expressed or proved was necessary to give effect to a modern conveyance to uses. The consideration need not be expressed in the deed, but it must exist." And again—" The consideration has become a matter of form as to the validity of the deed, in the first instance in a court of law, and if the deed be brought in question, the consideration may be averred in pleading and supported by proof." These authorities seem to be conclusive, especially when not even a dictum has been cited on the other side, to show that the parol proof was properly admitted to make out that a sufficient consideration was paid by the grantees, for the execution of the deed.

Judgment affirmed.