FRINK *vs.* GREEN and others.

Where no consideration is expressed in a deed, or written contract, parol evidence may be given of the actual consideration, in order to give effect to the deed or contract, if such deed or contract is not within the statute of frauds.

So where a consideration is expressed in a deed or written contract, another or a different one may be proved.

A release of one of two or more joint debtors, whether they are bound jointly or jointly and severally, discharges the original contract as to all; and may be pleaded in bar of an action on the contract. But the releasee, to have this effect, must be a technical release under seal.

A covenant not to sue one of the joint obligors or promisors, does not amount to a release, but is a covenant only. It does not, at law, discharge either of the joint obligors or promisors; and a suit may, notwithstanding such covenant, be brought upon the original contract, against all, if it was a joint contract, or the one to whom the covenant was not given, if the contract was joint and several.

THIS cause was tried before Justice WILLARD, at the Saratoga circuit, in August, 1848. The suit was brought upon two joint promissory notes for $50 each, dated November, 10, 1843, given by the defendants Green, Alonzo Hyde, James E. Spier and John Ellsworth, to the plaintiff, payable, the one, one year after date to the plaintiff or bearer; and the other two years after date, to the plaintiff or bearer. Green and Hyde signed the notes as sureties for the other drawers. The defendant gave in evidence an instrument in writing in the following words: "Milton, April 2d, 1844. I hereby exonerate Mr. Alonzo Hyde from three fifty dollar notes which I hold against the said Hyde, John Ellsworth, James Spier and Daniel D. A. Green. Azor P. Frink." The plaintiff's counsel objected to the introduction in evidence of the writing, on the ground that it was void, for not expressing any consideration, or being under seal. Thereupon the counsel for the defendant offered to prove by parol, that such instrument in writing was executed upon a good and sufficient consideration, which passed between the parties at the time of its execution, and was a part of the whole agreement, a portion of which was expressed in such writing. This evidence was objected to by the plaintiff, and

was rejected by the justice, upon the ground that the consideration of the instrument could not be shown by parol. To which decision the defendant excepted. The justice then instructed the jury to find a verdict for the plaintiff, and they found such verdict accordingly. The defendant, upon a bill of exceptions, moved for a new trial.

*W. L. Avery,* for the plaintiff.

*W. A. Beach,* for the defendant.

*By the Court,* PAIGE, P. J. The instrument in writing given by the plaintiff to the defendant Green, purports, on its face, to be a complete agreement between the parties. This is not the case of an agreement resting partly in writing and partly in parol. Parol evidence of a consideration, therefore, was not admissible as suppletory evidence of the part of an agreement resting in parol, where the whole contract had not been reduced to writing. (*Potter* v. *Hopkins,* 25 *Wend.* 419. *Cowen & Hill's Notes, p.* 1471 *to* 1473. 8 *Wend.* 116, 117. 4 *Wash. C. C. Rep.* 289.) In *Parkhurst* v. *Van Cortland,* (1 *John. Ch. Rep.* 283,) Chancellor Kent held that a contract could not rest partly in writing and partly in parol. And Thompson, J. expressed the same opinion in *Howes* v. *Baker,* (3 *John.* 509.) But Nelson, Ch. J. expressed a different opinion in *Potter* v. *Hopkins,* (25 *Wend.* 419.) The principal question in this case is whether parol evidence was admissible to show the consideration of the writing given by the plaintiff to Green. The writing, it will be observed, is silent as to any consideration. No rule of evidence is better settled, than that which declares that parol evidence is inadmissible to contradict, or substantially vary, a written agreement. Such evidence, independently of the statute of frauds, is contrary to the maxims of the common law. (*Steevens* v. *Cooper,* 1 *John. Ch. Rep.* 429. 1 *Phil. Ev.* 561.) But the rule excluding parol evidence to contradict or vary the terms of a deed, or other written contract, has not been applied with great strictness to the consideration clause. The

question as to what extent the consideration of a deed, or other written contract, may be inquired into, has long been debated in both the English and American courts. It is laid down in Phillips' Evidence, (1 *vol.* 549,) that a consideration contrary to or inconsistent with that expressed in the deed, cannot be shown; but that another consideration consistent with the one expressed, may be averred and proved. As where in a deed of bargain and sale it is expressed generally, that the deed is made "for divers good considerations," it may be averred that the bargainee gave to the bargainor money, or other valuable consideration. In *Schermerhorn* v. *Vanderheyden,* (1 *John.* 139,) it was held that where the consideration is expressly stated in the written contract, parol evidence to show a greater or different consideration, is inadmissible. This proposition was re-affirmed in *Howes* v. *Baker*, (3 *John.* 506,) and it was again affirmed in *Maigley* v. *Hauer*, (7 *Id.* 341.) In the latter case the court say "it is a settled rule that where the consideration is expressly stated in a deed, and it is not said also, 'and for other considerations,' you cannot enter into proof of any other, for that would be contrary to the deed." (1 *John. Ch. Rep.* 370, 380. 6 *Cowen*, 690.) In *Shepherd* v. *Little*, (14 *John.* 210,) and in *Bowen* v. *Bell*, (20 *Id.* 338,) it was held that whether the consideration specified in the deed to have been paid, was in fact paid or not, was open for inquiry by parol proof. The acknowledgment of the receipt of money, in a deed, was regarded in these cases as being like an ordinary receipt for money, which may be either explained or contradicted. (7 *Cowen*, 334. 3 *John.* 320. 14 *Id.* 212. 9 *Cowen*, 266.) But in both *Shepherd* v. *Little*, and in *Bowen* v. *Bell*, the principle, that where one species of consideration is expressed, you cannot prove another or a different one, was expressly adopted.

In *McCrea* v. *Purmort*, (16 *Wend.* 460,) in the court of errors, the doctrine of the inadmissibility of parol evidence to contradict or vary the consideration clause of a deed or other written contract, underwent a radical change; and the principle that where one species of consideration is expressed. another or a different one cannot be proved was entirely, and dis-

tinctly overruled; and the contrary rule was adopted, allow-
ing an unlimited latitude of inquiry into the consideration
of deeds and other written contracts. In *McCrea* v. *Pur-
mort* the deed stated a consideration of money in hand paid;
and the chancellor received parol evidence to show that
the consideration was iron and not money, and the court of
errors sustained the chancellor's decision. Mr. Justice Cowen,
who delivered the prevailing opinion in that case, reviewed the
·English and American cases on the subject, and came to the
conclusion that the consideration clause of a deed or other
written contract could in all cases be explained or contradicted,
where the object was not to defeat the deed or contract, or to
change their legal effect. He says "a party is estopped by his
deed. He is not permitted to contradict it; so far as the deed
is intended to pass a right, or to be the exclusive evidence of a
contract, it concludes the parties to it. But the principle goes
no further. A deed is not conclusive of every thing which it may
contain. For instance, it is not the only evidence of the date
of its execution, nor is its omission of a consideration conclu-
sive evidence that none passed. Nor is its acknowledgment of
a particular consideration an objection to other proof of other
and consistent considerations. And by analogy, the acknowl-
edgment in a deed, that the consideration had been received, is
not conclusive of the fact." The foregoing authorities relate
to cases where a consideration was expressed in the deed.
Where no consideration is expressed in the deed, I believe, that
the party claiming under it has always been allowed to prove
by parol a valuable consideration; such proof not being deem-
ed contrary to the deed. (1 *Phil. Ev.* 549, 550.) In *Pea-
cock* v. *Monk*, (1 *Ves.* 128,) no consideration was expressed in
the deed; and Lord Hardwick held that, the plaintiff who
claimed the benefit of a trust under the deed, could prove
a valuable consideration, as no consideration was expressed in
the deed. The same principle has been adopted by the courts
of Massachusetts, Pennsylvania, Vermont, North Carolina and
Alabama. It has been held in these states, where no consider-
ation is expressed in the deed or written contract, that the true

Frink *v.* Green.

consideration may be shown by parol, and effect be given to the deed or contract accordingly. (*Davenport* v. *Mason*, 15 *Mass Rep.* 85. *Tisdale* v. *Harris*, 20 *Pick.* 12. *White* v. *Weeks*, 1 *Penn. Rep.* 486. *Hartley* v. *McNulty*, 4 *Yeates*, 95. *Ste vens* v. *Griffeth*, 3 *Verm. Rep.* 448. *Hall* v. *Mott*, *Brayt.* 81 *Wood* v. *Beach*, 7 *Verm. Rep.* 522. *Jones* v. *Soper*, 1 *Dev. & Bat.* 466. *Mead* v. *Steger*, 5 *Porter*, 498.)

Chancellor Kent, in 4 *Kent's Com.* 465, says that in a modern conveyance to uses the consideration need not be expressed, but it must exist. And if the deed be brought in question the consideration may be averred in pleading, and supported by proof. In *Jackson* v. *Fish*, (10 *John.* 456,) it was held to be sufficient to prove that a deed of bargain and sale was found ed on a valuable consideration, although none was expressed The same principle was advanced in *Jackson* v. *Pike*, (9 *Cow en*, 69,) and in *Wilson* v. *Betts*, (4 *Denio*, 208.)

No consideration is expressed in the writing in this suit, exe cuted and delivered by the plaintiff to Hyde. Where this is the case, the above authorities show that parol evidence may be given of the actual consideration of the written agreement, in order to give it effect, if it is not within the statute of frauds. It is apparent, therefore, that in this case, parol evidence of the consideration of the writing in question should have been received, on the trial.

The written agreement in this case does not come within the statute of frauds, which declares every agreement embraced by it void, unless it expresses the consideration. (2 *R. S.* 135, § 2.)

But conceding that a consideration had been proved, sufficient to uphold this instrument as a valid agreement between the parties, would it have constituted any defence to this action? A release of one of two or more joint debtors, whether bound jointly or jointly and severally, discharges the original contract as to all; and may be pleaded in bar of an action on the contract. But the release, to have this effect, must be a technical release under seal. (*De Zeng* v. *Bailey*, 9 *Wend.* 336. *Rowley* v. *Stoddard*, 7 *John.* 207. 4 *Wend.* 365.) A

covenant not to sue one of the joint obligors or promisors does not amount to a release, but is a covenant only. It does not, at law, discharge either of the joint obligors or promisors; and a suit may, notwithstanding such covenant, be brought upon the original contract against all, if it was a joint contract, and against the one to whom the covenant was not given, if the contract was joint and several. (7 *John.* 210. *Hosack* v. *Rogers,* 8 *Paige,* 237.) An agreement not to sue one of several joint debtors, does not injure the other joint debtors. It does not defeat the right of the debtor sued to compel contribution from his co-debtors. It is not in the power of the creditor to alter the law between joint debtors. (*Catskill Bank* v. *Messenger,* 9 *Cowen.* 38, *per Savage, Ch. J.*)

The writing in this case, given by Frink to Hyde, is not a release under seal. And if it was given upon a sufficient consideration, it could only operate as an agreement not to sue Hyde; which, as we have seen, would not discharge either of the joint makers of the notes, at law, or prevent a suit against all, upon such notes. (*Jackson* v. *Stackhouse,* 1 *Cowen,* 122. *Harrison* v. *Wilcox & Close,* 2 *John.* 446.) In *Jackson* v. *Stackhouse,* the creditor, by a writing, in terms released and discharged the obligor from all liability on the bond. But the writing expressed no consideration, and was not under seal. And Woodworth, J. held that if a consideration had been stated, the writing would have been construed as only a covenant not to sue.

If, then, the defendant Green had been permitted to prove, and did prove, that the writing given to Hyde, by Frink, was given upon a good and sufficient consideration, it would have been no defence to the plaintiff's action. Even if founded upon a valuable consideration, it was inadmissible evidence for the defendant Green. It was no bar to the plaintiff's recovery against him. It did not discharge him, or any of his co-makers, from liability. It did not discharge or extinguish the notes. It did not defeat, or even embarrass, his remedy for contribution, against his co-surety, or his remedy over against the principal makers of the notes. Not only then should the evidence as to the consideration have been excluded, but the writing itself,

and all evidence in relation thereto, should have been rejected
If we grant a new trial this writing cannot be received in evi
dence in behalf of the defendant Green, as a defence to the
plaintiff's action.    I cannot, then, conceive what benefit a new
trial can be to the defendant.    Being of this opinion, I think
the motion for a new trial should be denied.    What effect a
valid covenant by the plaintiff, not to sue one or both of the
principal makers of the notes would have on the liability of the
sureties, it is not necessary to determine ; as the question does
not arise in this case.

Motion for new trial denied.

---

SAME TERM.    *Before the same Justices.*