By the Court,
Barbour, J.
This was an action brought to recover for services rendered and moneys expended, for and at the request of the defendant. The answer set up, among other things, that the plaintiff was indebted to the defendant in the sum of $3060, for moneys received by the former, upon *619 the sale of a farm in Rahway, New Jersey, to the use of the latter.
Upon the trial the plaintiff testified, as a witness, without objection, that the farm in question was conveyed to him by the defendant, in compensation for certain services theretofore rendered by him to the latter. The plaintiff also read in evidence the deed mentioned in his testimony; which deed expresses a consideration of $4500 in money, the receipt of which is acknowledged, and the conveyance is made subject to a certain mortgage for $2000, which, i't is declared, forms a part of the consideration money, and is assumed by the grantor. The defendant - offered oral evidence to prove that the farm was conveyed by him to the plaintiff upon and in consideration solely of a verbal undertaking and promise, then made by the latter, that he would sell the farm and pay the entire, amount of the net proceeds thereof, after deducting the mortgage, to the defendant, and that the plaintiff had sold the farm for $5000, and received the purchase money, less the amount of the mortgage. The defendant also offered in evidence a letter, written to him by the plaintiff in February, 1862, (the defendant then being in Europe,) in which the writer states that he has sold the Rahway farm ; that he has been compelled to úse some of the money, having no means of living without it; that .he did wrong in using it, but intended to replace it; that he expected, when he used it, to receive money from his father’s estate, which he intended"to hand to Davis, (the name of the defendant’s agent,) and, among other things, adds, “ When you went away you left every thing for me to manage the best I could.” * * * “You will have to leave it till you return, as it is impossible for me to pay it now. I hope you will not think too hard of me for it, and I think we can manage'it with satisfaction of both parties on your return. I hope you will not say any thing aboüt it to any one else, as it would injure me very much, and not do you any good. In every other particular I have attended to your affairs for your best possible advantage.”
All this evidence was objected to, but admitted, and the *620 plaintiff excepted. Exceptions were also taken to the findings of fact declaring, in effect, that all the above facts are established by the evidence, and to the referee’s conclusion that the defendant is entitled to a credit in the accounting for the purchase money so received by the plaintiff.
If the evidence objected to was properly received, there can be no doubt the facts were fully proven before and correctly found by the referee; and, upon careful consideration, I have arrived at the conclusion that such evidence was admissible.
For, although the non-payment of the consideration expressed in a deed cannot be proven to contradict the acknowledgment of its receipt, for the purpose of defeating the deed, (Meriam v. Harsen, 2 Barb. Ch. 232; S. C. 4 Edw. Ch. 70; Childs v. Barnum, 11 Barb. 14, S. C. 1 Sandf. 58,) yet, in general, and except for the purpose of defeating or impairing the grant or covenants contained therein, the consideration clause of a deed is not within the rule which excludes parol evidence offered to contradict a written instrument. (McCrea v. Purmort, 16 Wend. 460. Whitbeck v. Whitbeck, 9 Cowen, 266. Adams v. Hull, 2 Denio, 306. Bingham v. Weiderwax, 1 Comst. 509. Jackson v. Schoomaker, 2 John. R. 230. Frink v. Green, 5 Barb. 455. Murray v. Smith, 1 Duer, 412. Goit v. Nat. Prof. Ins. Co. 25 Barb. 189.)
I think, too, that the written declaration and admission of the plaintiff, clearly implied in his letter, that the net proceeds of the farm belonged to the defendant, that the plaintiff had applied them to his own use intending to replace them, and that he was liable and would account to the defendant therefor, fully justified the conclusion of the referee that the defendant was entitled to a credit for such moneys, in stating the accounts between the parties. It was, substantially, a declaration in writing, that the money was received by the plaintiff, in trust for the defendant, as well as an admission of his obligation to replace it.
The judgment appealed from should he affirmed, with costs.
*621 Robertson, Ch. J. The plaintiff claims to evade all responsibility to the defendant for any of the proceeds of the “ Rah-way Farm,” because he never manifested any trust, in writing subscribed by him, 'of such land. Such liability may, however, arise, if the evidence justifies it, not from any relation of trustee and cestui que trust, but from a promise, supported by a sufficient consideration, not affecting the land, but binding only on the person of the plaintiff.
The referee has not found any trust to have been created, but as one of the facts contained in his special report, of which his general report is an appendage, that the plaintiff accepted from the defendant a conveyance of the Rahway Farm, to enable him more conveniently to sell it, and account to the defendant for the proceeds. This, though somewhat inartificially expressed, is unless such deed was given as a compensation for previous services, equivalent to what appears by the evidence, which is that the plaintiff, in consideration of the conveyance of such land to him by the defendant, promised whenever he sold it to pay the proceeds over to -the latter. If there was no proper legal evidence of a trust, such a-finding is necessary to sustain the report of the referee, and being borne out by the evidence, and may, therefore, be assumed to have been made by him. A mere promise to pay over the proceeds of land when sold, for-a sufficient consideration, creating no interest in, or lien upon the land, not running with it, but obligatory only on the person of the promissor, is capable of being enforced in an action at law, although it creates no trust. Unless opposed to some principle of public policy, it must be binding. The fact that a cotemporary conveyance is made, of the very lands whose proceeds are promised to be paid over, can form no obstacle to the validity of such a promise, any more than if it had been a conveyance of some other lands or some other consideration. As such a promise is' merely executory, and only binds the person, it does not restrain alienation, nor is it so attached to the land as to run with an estate in it. The grantee of the land is its absolute owner, so far as the pght of transferring an indefeasible title free from any incum *622 brance or trust is concerned. All who take title from him, even with full knowledge of such promise, do so free, from any claim of the promisee, which is a mere chose in action, enforoible at law. Trusts are interests in lands 1 the lea:al title of a trustee is subject to the rights of the cestui que trust into whosever hands the land may pass, if not in execution of the trust, with knowledge of it. The purpose of the statute of frauds, in regard to manifesting trusts in writing, much more even than in requiring contracts for the sale of land and leases to be written, was rather to protect the ownership of the land itself from being entangled by supposed agreements or understandings, depending on parol evidence, interfering with absolute dominion over it, than merely to protect persons against being compelled by parol evidence to take an interest in lands they had never acquired. No such protection is needed in regard to a promise to dispose of a sum of money, although it may arise from a sale of real estate.
If this had been-a contract for the sale of land, the plaintiff could not escape liability' for the purchase money, under the statute of frauds, because the contract on the defendant’s part was executed. Can he be less liable because the price for which he might sell it was fixed as the purchase money, and the time of payment postponed until he should sell it ? It is not material to inquire whether by the terms of the agreement the plaintiff was to sell in any determinable time, or the defendant could enforce a sale., A sale was in fact made, and the proceeds promised to be paid over'received. It would be a reproach to the law and the administration of justice, if the plaintiff could reap the benefit of the conveyance to himself,' which formed the consideration for his promise, and deprive the defendant of the fruits of a sale, the promise of which formed the mutual consideration of such conveyance, merely because such promise was not in writing. Such a result would be clearly inequitable, and contrary to the principle which enables accepted part performance of a contract to take a case out of the statute of frauds. To convert such a promise into u trust to bring about such a result, would be a great refine *623 ment of terms in order to work out iniquity, which the law never permits.
The reasoning of the referee, in his opinion, may possibly not lead to precisely the same result, as I have pointed out; but that is immaterial, so long as the evidence supports it, and such view is necessary to sustain the judgment. The previous relations, as well as the conduct and declarations of the parties, particularly the plaintiff’s letter after the sale of the land, admitting the receipt of moneys as its proceeds, for which he was accountable to the plaintiff, and the time and circumstances of executing the deed to the plaintiff, fully bear out such an interpretation of the understanding between the parties. Nearly, if not quite all the exceptions in this case, are based upon the supposition that the defendant had no right to prove any thing respecting the consideration of the deed, or the terms on which it was made, because it contradicted the writing. • But the promise before stated is perfectly consistent with its terms, and the exceptions were, therefore, properly overruled.
I concur in thinking that the judgment should be affirmed, with costs.