HENRY W. LINSEY, Respondent, v. DANIEL FERGUSON, BENJAMIN C. STARBUCK, and JOSEPH RUSSELL, Appellants.

(GENERAL TERM, THIRD DEPARTMENT, SEPTEMBER, 1870.)

The plaintiff contracted to convey certain lands to the defendants, free from incumbrance, at or before a certain time, during which he was to obtain a conveyance to himself of an outstanding interest in the lands. The defendants made a part payment, entered into possession, and deposited their notes, payable to the plaintiff, with a third person, conditionally, to be delivered upon receiving the conveyance as agreed, and the performance by the plaintiff of certain other conditions mentioned in the contract; the plaintiff then falsely represented that he had secured the title to the outstanding interest, and performed the conditions named, and the defendants accepted his conveyance and the notes were delivered; after having knowledge of the fraud, the defendants retained possession and removed timber from the premises, and took no steps to rescind the contract, but being sued upon the notes, claimed in defence, that their delivery was fraudulent, and of no effect.—*Held*, that the plaintiff could recover, and that it was necessary for the defendants to surrender possession of the premises, and rescind the contract *in toto*, in order to avail themselves of the plaintiff's fraud in defence to an action upon the notes.

THE complaint is against defendants as makers of a promissory note. Ferguson and Starbuck defended.

The defence was, substantially, first, that in July, 1867, plaintiff agreed to sell to the defendants 292 acres of land in Houghton Patent, and convey same to defendants by war-

ranty deed, before 1st of January, 1868, free from all incumbrances; and that before the conveyance, the plaintiff was to procure a conveyance to himself of an undivided one-eighth of the property from one Joseph Ferguson, who was then the owner of one-eighth. The plaintiff was also to procure a release of a verdict against the defendant, Ferguson, recovered in the Supreme Court, in favor of Joseph and Daniel Ferguson, executors, &c.

That the defendants were to pay $8,000 for the land, viz.: $2,000 August 1st, 1867, and give their joint note indorsed by Tifft & Russell, for $1,000, being the note in suit, and two other notes of $2,500 each. That the notes were deposited with an agent of all the parties to be delivered on full and complete performance by the plaintiff. That the plaintiff falsely represented that he had procured a deed from Joseph Ferguson of the one-eighth of the land, and had procured a release of the verdict, and the defendants relying on, and believing these false statements to be true, that the other defendants, in the absence of the defendant, Ferguson, received the conveyance from the plaintiff, and that the notes were delivered to plaintiff. That plaintiff had not obtained a release of the verdict, nor a deed from Joseph Ferguson.

Second, that the note was a joint note, and that on the 17th January, 1868, the defendant, Starbuck, paid the plaintiff one-third of the amount of the note. And that in consideration thereof the plaintiff released and discharged the defendant, Starbuck.

The cause was tried at the Warren circuit in February, 1870, before Justice Bockes without a jury, and judgment was rendered in favor of plaintiff. On the trial, the plaintiff produced a release of the verdict and deed of the one-eighth from Joseph Ferguson, both executed after the commencement of this action, which was commenced July 9th, 1868, at issue, and on the trial. The judge found, that on the 5th of March, 1868, the defendants had full knowledge that the plaintiff had not obtained the deed and release; that the defendant, with such knowledge, continued in possession of

the lands, and still remained in possession of the same, and after such knowledge, removed saw logs, dock sticks, and wood from the lands. That with such knowledge, on the 6th of May, 1869, and after the plaintiff had obtained the release of the verdict, and the conveyance of the one-eighth from Joseph Ferguson, the defendant, Russell, obtained from the plaintiff and wife another warranty deed of the premises, which was duly acknowledged and delivered. That the defendants never rescinded the contracts, nor repudiated the deeds, or either of them, nor the delivery or acceptance of them, or either of them; nor surrendered possession of the premises, nor offered to convey the same. It also appeared, and the judge found, that in January, 1868, Russell and Starbuck both paid one-third of the note, and each one took a receipt for the same in full of one-third of the note. The receipt to Starbuck read "to apply on note, &c., in full for Benjamin C. Starbuck's third of said note," and was under seal.

The judge also found in favor of the plaintiff for the one-third of note unpaid, and exceptions were taken to the findings. A motion for a nonsuit was also made and refused, and objection made to testimony received, and exceptions taken to the decisions. A judgment was entered in favor of the plaintiff, and the defendants appealed to the General Term.

*Wait and Reynolds, and Davis and Harris,* for the appellants.

*Hughes and Northrup,* for the respondent.

Present—MILLER, P. J., POTTER and PARKER, JJ.

MILLER, P. J. The note upon which this action was brought, was deposited as an *escrow,* to be delivered only on the performance of certain conditions, and was obtained upon a statement made by the plaintiff, which was untrue, that he had procured the release, and acquired the title to one-eighth of the land according to the contract. Under ordinary cir-

cumstances, it would be considered that there was no valid
delivery of the note; and that it was not collectable until the
conditions upon which the delivery of the note depended had
been performed. The general principle for which the
defendant contends, that the note is not yet due, and that
the party who obtained possession of it fraudulently, can
make no use of it, is a sound one, but is subject to certain
qualifications which are controlling, where a party claims the
benefit of a contract, to carry out which in part the instru-
ment was executed. He cannot claim the entire benefit of
the contract, and repudiate the obligation to pay over,
although the condition has not been fulfilled. He must
either affirm *in toto*, or rescind *in toto*. He cannot affirm so
much as is in his favor, and repudiate the residue. He cannot
retain the entire possession of the property, reap all the
advantages, and profits to be derived from it, and refuse to
pay the consideration money. The principle governing this
class of cases is well settled.

In *Wheaton* v. *Barker* (14 Barb., 594), it was decided, that
a party who would disaffirm a fraudulent contract must act
promptly, upon discovering the fraud, and he must return,
or offer to return, whatever he has received upon it. He
must rescind the contract *in toto*, and thus place the party in
the position he was before the sale.

In *Lewis* v. *McMillen* (41 Barb., 420), it was decided, that
before a purchaser can set up as a defence to an action on a
note given as collateral security for an installment of the pur-
chase-money, the inability of the vendor to give a good title
to a portion of the premises, *he must surrender the possession
of the premises.* In this case, the vendor could not convey a
perfect title to one-fifth of the premises, and the court held,
that although it might afford a reason for rescinding the con-
tract by the purchaser, yet it furnished no ground for refus-
ing all payment without rescinding; that the purchaser
would be compelled either to affirm or disaffirm, and rescind
*in toto;* and that it could not be pretended, that the purchaser
had rescinded so long as he held possession under the con-

tract. It was further held, that unless there was fraud in the transaction in which the note had its inception, which is not the fact in the case at bar, or an entire failure of consideration, which is not claimed here, a partial want or failure of consideration could not be alleged in bar; and that even if the contract is executory, the party must pay his note, and take his remedy upon the contract to recover damages.

The principle established by these cases covers the present case, and the last case cited expressly decides the point here involved. I think it is controlling, and disposes of the question now raised. The defendant, by remaining in possession, and exercising acts of ownership over the property, has waived the performance of the conditions precedent, and is now estopped from insisting, that they should be enforced before the delivery of the note. (*Sweetman* v. *Prince*, 26 N. Y., 224, 227, 230; *Tompkins* v. *Wyatt*, 28 N. Y., 347; see also *Masson* v. *Bovet*, 1 Den., 69; *Lamerson* v. *Marvin*, 8 Barb., 9.) It follows, that there was no error in refusing the defendant's motion for a nonsuit.

As the testimony, as to the release of the verdict, the quit-claim deed from Ferguson, and wife, to the plaintiff, and the warranty deed from plaintiff, and wife, to the defendants, could have no bearing upon the question involved, and could not effect the final decision of the case, there was no error in its introduction.

The receipt introduced in evidence was not a technical release, which discharged the joint debtors. (See 5 Barb., 455, and cases cited.)

There was no error upon the trial, and the judgment must be affirmed with costs.

Judgment affirmed.