### Couch *vs.* Mills and others.

A *covenant* by the holder of a promissory note that he will not sue or levy upon the property of *one* of *several makers* of the note, entered into after the commencement of a suit; and in case any proceeding at law or equity be had, *continued* or prosecuted, that the covenant shall be deemed, *to all intents and purposes a release* to such maker, is, notwithstanding the terms of the instrument, *a mere covenant not to sue*, and cannot be pleaded *as a release* in bar of a recovery against all the makers.

DEMURRER to plea *puis darrien*.   The plaintiff declared on several promissory notes made by the defendants.   Mills alone appeared and pleaded *non assumpsit* and several special pleas.   After issue joined, he put in a plea *puis darrien*, that the plaintiff ought not *further* to have and maintain his action because, on, &c. at, &c. he by a certain writing under seal, in consideration of $500, to him paid by *Henry Talmage*, one of the defendants in the said action, covenanted and agreed with the said *Henry Talmage*, that neither he, the plaintiff, nor his executors, &c.,

Couch v. Mills.

should at any time or times thereafter, sue the said Henry Talmage, or levy upon his goods or chattels, for or by reason, or in consequence of the promises and undertakings in the declaration in this cause mentioned; and in case any proceeding either at law or in equity should be had, *continued* or prosecuted, then that the said writing *should be deemed to all intents and purposes a release* to him and the said Henry Talmage, from and against the same. The defendant then averred that afterwards, to wit, on, &c., at, &c., the plaintiff *continued and prosecuted this suit*, contrary to the covenants in the said writing contained : whereby the said writing became, and was, and is, *an absolute release and discharge* to the said *Henry Talmage* and the other defendants in suit, concluding with a verification and prayer of judgment, if the said plaintiff ought *further* to maintain his action, &c. To this plea the plaintiff *demurred*.

*J. Butler*, for the plaintiff, insisted that the instrument set forth in the plea was a mere *covenant not to sue*, and that such a covenant is not in law regarded as a *release*, unless made with all the parties liable to be prosecuted. He cited *Dean* v. *Newhall*, 8 T. R. 168; Collyer on Part. 361 ; *Brown* v. *Williams*, 4 Wendell, 366 ; *Bank of Chenango* v. *Osgood*, 4 id. 607.

*C. Judson*, for the defendant, relied upon the *peculiar terms* of the instrument set forth in the plea as distinguishing this from all previous cases.

*By the Court*, NELSON, Ch. J. The language of the instrument as set forth, is undoubtedly very particular; but it is manifest from the whole scope of it, that it was not intended to have the operation and effect of a technical release upon the subject matter of the suit; but only to protect the rights of the covenantee ; which may be done by a cross action if he suffers. Neither is it more specific than the covenant in the case of *Dean* v. *Newhall*, 8 T. R. 168. That stated if any of the creditors sued, &c., the covenant should be a sufficient *release and discharge to all intents and pur-*

*poses.* Not being regarded as a technical release, but only as a covenant not to sue, it is well settled, that in the case of two or more joint obligors, it constitutes no defence to the action.

The distinction between a covenant not to sue one of several covenantors, where the obligation is *joint and several,* and when *joint* only, was noticed and repudiated by Gibbs, Ch. J. in *Hatton v. Eyre,* 6 Taunt. 289. Carey on Part. 132. And. 307. The latter was considered as standing upon equally solid reasons with the former.

The main ground is, that to construe it into a technical release of all, would be carrying the obligation beyond the obvious intent of the parties. If it had been intended to be so understood, more direct and pertinent language would have been used, clearly indicating the intention to embrace *all* the promissors.

Judgment for plaintiff on demurrer.