Miller v. Fenton.

---

MILLER, receiver, &c. *vs.* FENTON and WILLIAMS.

Where a bill was filed by the receiver of a bank, against two of its officers, for a fraudulent abstraction of the funds of the institution, committed by them jointly or in concert, and the complainant, after the defendants had put in their answers to the bill, made an agreement with one of the defendants by which certain property was transferred to the receiver; in part satisfaction of his claims against such defendant; in consideration of which agreement the receiver covenanted that, he would not collect from such defendant, or out of his property, any claim which he had against him individually or jointly with others, upon obtaining a judgment or decree therefor; and that he would leave him and his property fully indemnified against such judgment or decree or any execution to be issued thereon; but such covenant was not to prejudice the right or claim of the receiver against any other person, or against any other person jointly with such defendant, nor was it to prejudice or hinder the further prosecution of the suit then pending in chancery against him and his co-defendant;

Miller *v.* Fenton.

*Held* that the agreement was no bar to the further prosecution of the suit against the other defendant and him jointly; and that such other defendant had no right to have the further proceedings in the suit stayed; and that all he could claim in equity, in consequence of the agreement of his co-defendant, was to have the value of the property, which was transferred to the receiver, after satisfying the individual claims against such co-defendant, applied in part satisfaction of the claims for which they were both liable previous to the agreement.

*Held* further, that if the alleged agreement had been a technical release of the complainant's claim against both defendants, and a bar to the further prosecution of the suit, the party could not avail himself of it by motion.

Where a defence arises after the defendant has perfected his answer, and before the hearing of the cause, the proper mode of bringing it before the court is by a cross bill, in the nature of a plea puis darrien continuance, and not by a motion to stay the proceedings of the complainant.

A covenant, by a creditor, not to collect a joint debt out of the property of one of the joint debtors, is not a technical release, which can be set up by the other debtor in a joint suit against them, even at law.

In equity the part satisfaction of a demand by one joint debtor, and a convenant by the creditor not to enforce the collection of the residue against such debtor's individual property, will not discharge the other debtors, unless the party in whose favor such covenant is made is primarily or individually liable for the whole demand.

Wrongdoers are not entitled to claim contribution against each other, although the party injured obtains full satisfaction for his damages from a part of them only.

THIS was an appeal from a decision of the vice chancellor of the seventh circuit, denying the appellant's application to dismiss the complainant's bill. The application was founded upon an affidavit of the appellant's solicitor that, since this cause was at issue upon the answer of his client, the complainant had given an instrument, or agreement, to George N. Williams the other defendant in the suit, a copy of which was annexed to such affidavit; the effect of which instrument or agreement, as the counsel for the appellant insisted, was to release and discharge the appellant from all further liability on account of the several matters stated in the bill.

The object of the bill, which was filed by the receiver of the Wayne County Bank, was to charge both defendants on account of certain fraudulent transactions as officers of the bank; by which alleged fraudulent transactions the funds of that institution had been improperly abstracted. Williams suffered the bill to be taken as confessed; and Fenton put in an answer, to which a replication

was filed. Afterwards, in consideration of certain lands conveyed to the receiver, and other valid considerations, the receiver covenanted with Williams, in substance, that he would not collect from him, or from his individual property, any claims held against him individually, or against him jointly with others, upon obtaining any judgment or decree therefor; and that he would leave him and his property fully indemnified against any judgment or decree thus recovered, or any execution to be issued thereon; but such covenant was not to prejudice the claim or right of action of the receiver against any other person, or against any other person or persons jointly with Williams; nor was it in any way to prejudice or hinder the prosecution of this suit, but Williams was to be indemnified and saved harmless against any loss or damage which he might sustain by reason of any decree therein, against him.

*A. Gould*, for the appellant.

*W. Hubbell*, for the respondent.

The Chancellor. The case of *Couch* v. *Mills*, (21 *Wend. Rep.* 424,) decided that such a covenant as this was not a technical release which could be set up at law as a bar of an action, even upon a joint note. And in equity the part satisfaction of a demand by one of the parties, and a covenant not to enforce the residue of the claim by execution against his individual property, certainly ought not to be carried further than at law; unless the party in whose favor such covenant was made was the one who was primarily, or individually, holden for the whole demand. In a case of wrongdoers, such as these defendants, by this bill, are charged to have been, the complainant may recover from any one of them for the whole loss, and he will have no claim against the others for contribution. (*Attorney Gen.* v. *The Corporation of Leeds*, 4 *Lond. Jurist*, 1174. *Cunningham* v. *Pell*, 5 *Paige's Rep.* 612.) All that the defendant Fenton, therefore, could in equity claim, in any event, in consequence of this agreement, would be to have the actual value of the property, which was transferred to the receiver, applied in reduction of the amount chargeable

against the defendants jointly on account of their joint frauds, after deducting therefrom what Williams was individually chargeable with on account of any individual claims which the receiver had against him.

The counsel for the defendant, moreover, was wrong in supposing relief could be obtained in this way, even if there had been a technical release to Williams which was a bar to the suit against both. It appears by a reference to the practice of the court that a cross bill, in the nature of a plea puis darrein continuance, is the proper mode of setting up such a defence which arises after the defendant has put in and perfected his answer. (*Scott* v. *Grant,* 10 *Paige's Rep.* 485. *Welf. Eq. Pl.* 227. *Story's Eq.* 393. *Mitf.* 82. *Willis,* 364. *Lube,* 229.) The application of the appellant for relief was therefore bad both in form and substance. And the order appealed from must be affirmed with costs.