## LINE & NELSON v. NELSON & SMALLEY.

1. A release of one of several obligors, whether they are bound jointly,. or jointly and severally, discharges the others, and may be pleaded in bar by all ; but to have this effect, it must be a technical release under seal.

2. A covenant not to sue one of the several obligors is not pleadable in. bar—it is a covenant only, and the covenantee is put to his cross action, to recover the damages which a breach may occasion him.   As an exception to this rule, a sole obligor may plead such covenant in bar, to avoid circuity of action.

3. A parol agreement by a creditor to accept from his debtor, by way of. compromise, less than is due, is not a discharge of the original debt, but on account of the technical character of the rule, there are exceptions to it.

4. To constitute an accord and satisfaction, there must be a satisfaction. of the entire debt, so as completely to extinguish it.

In case.   On rule to show cause.

Argued at February Term, 1876, before the CHIEF JUSTICE, and Justices SCUDDER, VAN SYCKEL and WOODHULL.

For the plaintiffs, *W. Strong.*

For the defendants, *A. V. Schenck.*

The opinion of the court was delivered by

VAN SYCKEL, J. This suit is upon a promissory note, dated October 8th, 1863, for $500, given by Nelson & Smalley to Line & Nelson.

In March, 1870, Smalley, one of the defendants, paid to Nelson, one of the plaintiffs, the sum of $250 on this note, at which time Nelson said he would not hold Smalley liable for the balance of the note, and promised to execute a writing to that effect.

The only question in the cause is, whether this constitutes a legal defence to the note.

The defence is rested upon the ground that this agreement operated as a release to Smalley, and, by its legal effect, extended to discharge his partner.

That a release to one of several obligors, whether they are bound jointly, or jointly and severally, discharges the other, and may be pleaded in bar by all, will not be controverted. 2 *Saund.* 48, *note* 1 ; *Collyer on Partners.* §§ 606–608 ; *Rowley* v. *Stoddard,* 7 *Johns.* 207.

But a release of one of two joint promissors, to have this effect, must be a technical release under seal.

In *Harrison* v. *Close,* 2 *Johns.* 447, an agreement in parol not to look to one of two joint and several makers of a promissory note for payment, was held to constitute no defence to the action. This case was approved, and the rule fully recognized by the New York courts in the following, among other cases : *Rowley* v. *Stoddard,* 7 *Johns.* 207 ; *Catskill Bank* v. *Messenger,* 9 *Cowen* 36 ; *Frink* v. *Green,* 5 *Barb.* 455.

The same doctrine prevails in Massachusetts. Justice Dewey, in *Shaw* v. *Pratt,* 22 *Pick.* 305, cites the New York cases, and says that the principle is well settled ; and it is so regarded by Chief Justice Shaw in the later case of *Pond* v. *Williams,* 1 *Gray* 630.

In our own state, the case of *Adm'rs of Crane* v. *Alling,* 3 *Green* 423, is an authority to the same effect.

This view is fully supported by the English authorities referred to in the cases above cited.

The reason of the rule is, that an agreement not under seal to discharge a particular person, or not to sue him, does not extinguish the debt, and therefore cannot bar the suit to recover it.

For the same reason, a covenant not to sue one of several obligors is not pleadable in bar to an action on the bond ; it does not amount to a release, but is a covenant only, and the covenantee is put to his cross action to recover the damages which a breach may occasion him. As an exception to this rule, a sole obligor may plead such covenant in bar, to avoid circuity of action ; for he should recover for breach of the covenant precisely the same damage that he had suffered by suit on the bond. *Collyer on Partnership*, §§ 606–608 ; *Lacy* v. *Kinaston*, 1 *Lord Raymond* 688 ; *Dean* v. *Newhall*, 8 *Term* 168 ; *Hosack* v. *Rogers*, 8 *Paige* 237 ; *Goodnow* v. *Smith*, 18 *Pick.* 414 ; *Couch* v. *Mills*, 21 *Wend.* 424 ; *Solly* v. *Forbes*, 2 *Brod. & Bing.* 38, (6 *E. C. L.*, 11.)

An examination of these cases will show a marked tendency to construe covenants as agreements not to sue, so as not to frustrate the intention of the parties, by giving their contracts a wider effect than was contemplated by them.

While it is clear that the arrangement between Nelson, the plaintiff, and Smalley, the defendant, cannot have the operation of a release, it remains to be considered whether it can be set up in bar of the suit by way of accord and satisfaction.

The doctrine established by the leading case of *Cumber* v. *Wane*, 1 *Smith's Lead. Cas.* 146, that a parol agreement by a creditor to accept from his debtor, by way of compromise, less than is due, is not a discharge of the original debt, has been adopted by the courts of this state.

In *Daniels* v. *Hatch*, 1 *Zab.* 393, Chief Justice Green says : " It would seem to be well settled by authority, that such an agreement is *nudum pactum,* and void; and, although payment of the sum agreed upon by way of composition be tendered, or actually received, it is no discharge of the original debt. Although it has been said with much truth, that the rule rests upon reasons rather technical than satisfactory, it was

long since adopted, and is supported by very great weight of authority."

But, on account of the technical character of this rule, it has constantly been departed from upon slight distinctions.

In *Morris Canal* v. *Van Vorst*, 1 *Zab.* 119, Justice Randolph remarks, " that the rule and the case itself have become so overburthened with exceptions and nice distinctions, and equivocal approbations by the numerous cases decided in the English and American courts, that it is sometimes difficult to ascertain what the law is as applicable to a particular case." He instances as exceptions to the rule, the payment of a less sum before the due day, or where it is received by way of composition with creditors, or where, upon the dissolution of a firm, the creditor agrees to take the continuing, and discharge the retiring partner, and the giving the negotiable note of a third person. The American editor of *Smith's Leading Cases* declares the rule to be—

" That anything of legal value in possession or in action— that is, any legal interest or right which the creditor had not before agreed to be received and actually received in full satisfaction of the debt—is a full satisfaction, without regard to the comparative magnitude of the satisfaction with the original debt, and may be pleaded in bar as accord and satisfaction."

In the case now under consideration, there was some evidence to show that Nelson, the plaintiff, held two promissory notes against Smalley, which were barred by the statute of limitations, for which he gave Nelson a new note, which was part of the consideration which moved the latter to agree that he would not look to the former for the balance of the partnership note. Admitting that, by this adjustment, Smalley so changed his situation, and Nelson acquired such a benefit as will bring the case within the exceptions to *Cumber* v. *Wane*, another circumstance appears in the case, which will prevent the defendants from setting it up as an accord and satisfaction. It is admitted that the payment was not to be in full satisfaction of the note, but that it was to be left out-

standing, so that the plaintiffs might collect the balance from the other debtor.

An accord and satisfaction must be a satisfaction of the entire debt, so as completely to extinguish it.   Here the debt, by express agreement remaining, there can be no accord and satisfaction set up.   Courts will not so. construe an agreement as to give it the effect to bar a claim, when such a result is inconsistent with the declared intent of the parties.

There being neither a technical release nor an accord and satisfaction, the defendants are without a legal defence, and the rule to show cause should be discharged.