ALLEN BENEDICT, APPELLANT, *v.* RUTSON REA, RESPONDENT.

*Co-sureties — effect of an agreement by the creditor not to sue one of the sureties — right of the other to avail himself of it.*

This action was brought against one of two sureties, upon a joint and several undertaking given by a defendant in another action, upon an appeal from a judgment therein recovered against him by the present plaintiff. The surety against whom this action was brought set up as a defense, and proved on the trial, that after the affirmance of the former judgment the plaintiff had agreed, for a valuable consideration, with the other surety not to sue him on the undertaking.

*Held*, that the plaintiff was rightly limited in his recovery against the defendant in this action to one-half of the damages, which were recoverable upon the undertaking.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

December 27, 1877, it was adjudged that S. Miller Benedict was indebted to the plaintiff in this action in the sum of $18,015.46

damages and costs, which was declared a specific lien on certain real estate which was directed to be sold, as in cases of foreclosure, and that S. Miller Benedict pay the deficiency, if any. Benedict appealed to the General Term, and to stay proceedings on the judgment Leonard S. Standring and Rutson Rea executed under seal a joint and several undertaking conditioned as required by sections 1327, 1334 and 1352, Code Civil Procedure. S. Miller Benedict did not join in the undertaking. The General Term reduced the judgment by $460.15, and as modified it was affirmed. The real estate was sold and a judgment for the deficiency ($8,358.96) docketed, on which an execution was issued and returned unsatisfied.

This action is brought against Rea alone on the undertaking, to recover the deficiency; Rea alleges as a defense that before the sale the plaintiff and Standring entered into an oral agreement that Standring should purchase at the sale one hundred and ten acres of the land, at not more than seventy-five dollars per acre, convey it to the plaintiff, and in consideration therefor the plaintiff agreed not to sue Standring on the undertaking. It is further alleged and found by the referee that the agreement was afterwards carried out, and it is found as a conclusion of law that Standring was, by the agreement and its performance, discharged from all liability on the undertaking; and that the defendant Rea was only liable for $4,793.12 (one-half of the deficiency), for which sum and costs a judgment was entered for the plaintiff, and from which he appeals.

*Cornelius E. Stephens*, for the appellant.

*Charles D. Adams*, for the respondent.

FOLLETT, J. :

An agreement not to sue a sole debtor, made on a good consideration, is not a technical discharge, but should the creditor be permitted to recover, the debtor could recover the same amount in an action for a breach of the agreement, and to avoid circuity of action the agreement not to sue is given the effect of a legal discharge. (*Cuyler* v. *Cuyler*, 2 Johns., 186 ; *Bank of Chenango* v. *Osgood*, 4 Wend., 611 ; 1 Pars. Cont., 28 ; Leake's Cont., 928.)

An agreement with one of two co-obligors, jointly and severally bound not to sue him, does not discharge the other obligor. (*Row-*

ley v. *Stoddard*, 7 Johns., 207; *Couch* v. *Mills*, 21 Wend., 424; *Fowell* v. *Forrest*, 2 Wm. Saunders, 48, and notes; 1 Pars. Cont., 28; 2 Chit. Cont. [11th Am. ed.], 1357; 2 Chit. Pl. [16th Am. ed.], 363, 455.) But as between the parties to the agreement it has the same effect as though made with a sole obligor. (2 Chit. Pl. [16th Am. ed.], 363.) *Harrison* v. *Close* (2 Johns., 448) is not an authority to the contrary. In that case one of two joint and several debtors paid less than one-half of the debt upon the creditor agreeing not to sue him. The creditor, in violation of his agreement, sued both debtors, and they pleaded an accord and satisfaction. It was held that the payment and agreement did not amount to an accord and satisfaction. This rule has often been affirmed. (*Irvine* v. *Milbank*, 15 Abb. [N. S.], 378; S. C., 56 N. Y., 635; *Foakes* v. *Beer*, 9 App. Cases, 605.)

The plaintiff having established a cause of action, the next and important question is, what amount is he entitled to recover, or, in other words, what is the measure of his damages? The obligors, as between themselves, as between S. Miller Benedict and themselves, and as between the plaintiff in this action and themselves, are co-sureties. (*Wood* v. *Fisk*, 63 N. Y., 245, 250; Code Civil Pro., § 1334.) When one of two co-sureties is discharged by the creditor, the other co-surety is liable for but one-half of the debt. (*Morgan* v. *Smith*, 70 N. Y., 537.) Each co-surety is regarded as a principal debtor for his share of the debt, and as a surety for the remainder of the debt. For one-half of this debt Standring stood as principal, and Rea, as to all of the parties to the contract, stood as his surety. (Sheldon on Subrogation, § 169, and cases there cited.) The plaintiff being a party to the contract, was bound to regard the rights of these co-sureties. A surety may avail himself of any defense his principal may have. (*Beehervaise* v. *Lewis*, L. R., 7 C. P., 372; Sheldon on Subrogation, § 101.) The word defense, as here used in its technical sense, embraces only matters of resistance, and not including counter-claims, except under special circumstances. The agreement not to sue being a good defense to an action on the undertaking against Standring, it is available to Rea as a defense to the recovery of the half for which Standring stood as principal. Covenants not to sue are given the effect of a release to avoid circuity of action, which the law is said to abhor. There is no reason

why the principle should not be applied to avoid the necessity of two additional actions, instead of one, when all of the actions arise out of the same subject-matter and the damages to be recovered are precisely the same in the actions.

Permitting damages to be reduced to prevent a multiplicity of suits, or to avoid circuity of action, has long been a firmly settled principle of law, and when the damages recoverable by each party to the litigation arise out of the same subject-matter, and are necessarily of equal amounts, the fact becomes a good plea in bar. (*Turner* v. *Davies*, 2 Wm. Saunders, 150, notes; Mayne on Damages, 96.)

Under the doctrine of subrogation, if the whole claim should be recovered of Rea, he would be entitled to enforce the agreement, not to sue. When one of two co-sureties acquires, after the contract of suretyship has been entered into, an agreement, or a cause of action for his own security, and his co-surety is compelled to pay the entire claim, the co-surety who pays is immediately subrogated to the rights of the co-surety holding the agreement or cause of action, and may enforce it in his own name. (Sheldon on Subrogation, § 95.) Persons seeking to enforce demands, as well as persons resisting demands, may invoke the rule that circuity of action is to be avoided, and, by force of the rule, maintain actions on contracts entered into between others, the avails of which should inure to the person suing.

The avails arising from the sale of the farm were the primary fund for the payment of the plaintiff's debt, to which he was required to first resort and exhaust ; and, in doing this, he was bound to exercise the utmost good faith towards the sureties, doing no act which would impair the rights of either. Whether the agreement entered into between the plaintiff and Standring, without the knowledge of Rea, in regard to the purchase of the farm, is a defense to the whole cause of action, need not be considered, as the defendant has not appealed.

The plaintiff insists that the evidence is insufficient to justify the finding of the referee that the plaintiff agreed not to sue Standring, in consideration that he would purchase the farm and convey it to the plaintiff. The only witnesses upon this question are the plaintiff and Jonn T. Standring, who contradict each other. The subse-

quent transaction between the Standrings and the plaintiff in respect to the farm corroborate the evidence of Standring, and we think the finding should not be disturbed.

Judgment affirmed, with costs.

HARDIN, P. J., and BOARDMAN, J., concurred.

Judgment affirmed, with costs.