NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-2531-17T1[1]
A-3936-17T1

ALLIANCE SHIPPERS INC.,

     Plaintiff-Appellant,

v.

CASA DE CAMPO INC., PEDRO PEREZ,
individually and as agents of CASA DE
CAMPO INC., ARTHUR DE PINTO, FELIX
PRODUCE CORPORATION, FELIX CEBALLOS,
individually and as an agent of FELIX PRODUCE
CORPORATION, GFP DISTRIBUTORS, INC.
t/a GARDEN FRESH PRODUCE, JOSEPH T.
GUARRACINO, individually and as an agent of
GFP DISTRIBUTORS, INC. t/a GARDEN FRESH
PRODUCE, JOSEPH KOLINEK, individually
and t/a C&M PRODUCE, LIONXEN
CORPORATION AND PRODUCE BIZ LLC
t/a POSEIDON FOOD SERVICE, XENOFON
GIALIAS, individually and as agent of
LIONXEN CORPORATION AND PRODUCE
BIZ LLC t/a POSEIDON FOOD SERVICE,
VILLAGE PRODUCE, INC., MOHAMMED
HADI, individually and as agent of VILLAGE
PRODUCE, INC., ALEX PRODUCE
CORPORATION, ALEX BONILLA, a/k/a
ALEJANDRO BONILLA, individually

---

[1] These are back-to-back appeals consolidated for the purpose of this opinion.

and as an agent of ALEX PRODUCE
CORPORATION, HEE JAE PARK, d/b/a
J&S PRODUCE COMPANY, LUIS JOSE
BONILLA, d/b/a LUIS JOSE PRODUCE,
ZEF DELJEVIC, HENRY GARLAND
individually and t/a PRO QUALITY
PRODUCE and BALMANGAN PRODUCE,
INC., GEORGE V. ROUSSOS, SANANJOS
PRODUCE CORPORATION, d/b/a FRIEMAN
BROS., KOREAN PRODUCE CORPORATION,
PAUL KIM, a/k/a PIL JUNG KIM and STELLA
KOUFALIS, individually and t/a KMS FRUIT
& VEGETABLES, and HAVANA PRODUCE,
INC.,

 Defendants,

and

ERNESTO REGUITTI, individually
and as an agent of SANANJOS PRODUCE
CORPORATION d/b/a FRIEMAN BROS.,

 Defendant-Respondent.

_____

ALLIANCE SHIPPERS INC.,

 Plaintiff-Respondent,

v.

CASA DE CAMPO INC., PEDRO PEREZ,
individually and as agents of CASA DE
CAMPO INC., ARTHUR DE PINTO, FELIX
PRODUCE CORPORATION, FELIX CEBALLOS,
individually and as an agent of FELIX PRODUCE
CORPORATION, GFP DISTRIBUTORS, INC.
t/a GARDEN FRESH PRODUCE, JOSEPH T.

2

GUARRACINO, individually and as an agent of GFP DISTRIBUTORS, INC. t/a GARDEN FRESH PRODUCE, JOSEPH KOLINEK, individually and t/a C&M PRODUCE, LIONXEN CORPORATION AND PRODUCE BIZ LLC t/a POSEIDON FOOD SERVICE, XENOFON GIALIAS, individually and as agent of LIONXEN CORPORATION AND PRODUCE BIZ LLC t/a POSEIDON FOOD SERVICE, VILLAGE PRODUCE, INC., MOHAMMED HADI, individually and as agent of VILLAGE PRODUCE, INC., ALEX PRODUCE CORPORATION, ALEX BONILLA, a/k/a ALEJANDRO BONILLA, individually and as an agent of ALEX PRODUCE CORPORATION, HEE JAE PARK, d/b/a J&S PRODUCE COMPANY, LUIS JOSE BONILLA, d/b/a LUIS JOSE PRODUCE, ZEF DELJEVIC, HENRY GARLAND individually and t/a PRO QUALITY PRODUCE and BALMANGAN PRODUCE, INC., GEORGE V. ROUSSOS, SANANJOS PRODUCE CORPORATION, d/b/a FRIEMAN BROS., KOREAN PRODUCE CORPORATION, PAUL KIM, a/k/a PIL JUNG KIM and STELLA KOUFALIS, individually and t/a KMS FRUIT & VEGETABLES, and HAVANA PRODUCE, INC.,

     Defendants,

and

ERNESTO REGUITTI, individually and as an agent of SANANJOS PRODUCE CORPORATION, d/b/a FRIEMAN BROS.,

     Defendant-Appellant.

_____

A-2531-17T1

Argued April 30, 2019 – Decided October 18, 2019

Before Judges Suter and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-2650-13.

Brett R. Schwartz argued the cause for appellant Alliance Shippers Inc. in A-2531-17 and respondent Alliance Shippers in A-3936-17 (Lebensfeld Sharon & Schwartz PC, attorneys; Ronald W. Horowitz, on the briefs).

Mark C. Mandell argued the cause for respondent Ernesto Reguitti in A-2531-17 and appellant Ernesto Reguitti in A-3936-17.

The opinion of the court was delivered by

SUTER, J.A.D.

In appeal A-2531-17, plaintiff Alliance Shippers, Inc. (Alliance) appeals from a January 19, 2018 order that denied its motion for sanctions against defendant Ernesto Reguitti (Reguitti) and his attorney, Mark C. H. Mandell. In appeal A-3936-17, defendant appeals from the December 15, 2017 order that dismissed his counterclaim against Alliance and that denied his motion for reconsideration. We affirm the orders.

Alliance is a freight transportation company. In 2012, it was awarded a $369,700 default judgment against the now defunct corporation, Krisp-Pak Sales, Inc. for unpaid freight transportation charges. Krisp-Pak, in turn had a

4

$77,120 judgment against Sananjos Produce Corp. (Sananjos) and Reguitti. In a 2010 federal court Stipulation of Settlement (Consent Judgment), Krisp-Pak agreed to accept the sum of $54,020.75 from Reguitti, who was personally liable for this.[2] It was to be paid in installments to an escrow agent. The "judgment holders" were to "refrain and forebear" from enforcing their rights under the Consent Judgment. Alliance was not a signatory to the Consent Judgment. In an unopposed motion, Alliance executed on its judgment against Krisp-Pak in order to transfer Krisp-Pak's rights against Sananjos to Alliance. The July 26, 2013 order that granted Alliance's motion, also provided that the monies owed by Sananjos to Krisp-Pak could not be compromised to the extent of the amount owed to Alliance.

Relevant here, Alliance filed a second amended complaint as the execution judgment creditor of Krisp-Pak against a number of Krisp-Pak's debtors, including Sananjos and Reguitti. Reguitti contended that litigation by Alliance would violate the federal Consent Judgment because judgment creditors were to refrain from enforcement. Reguitti removed the Law Division action to federal court. While the case was pending there, Reguitti filed an

---

[2] The claim was brought under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499(c)(5).

answer and a counterclaim.  The counterclaim, which is at the center of these appeals, alleged that Alliance breached the terms of the Consent Judgment by filing litigation against defendant and sought more money from Reguitti than the amount stipulated.  The counterclaim alleged that plaintiff's litigation caused Reguitti to incur unnecessary counsel fees.  It sought reimbursement of reasonable attorney's fees.

In Alliance Shippers, Inc. v. Casa DeCampo, Inc., No. A-0255-15 (App. Div. April 24, 2017) (slip op. at 25), we reversed orders entered on May 29, 2015 in this case and remanded it for additional proceedings.  The present appeals relate to the proceedings that followed our remand.  To understand the issues raised, however, we restate a portion of our prior opinion.

> Counsel for Reguitti sent a letter to Alliance and the escrow agent tendering the balance of the amount due under the [Consent Judgment].  The transmittal letter stated payment was conditioned on "full and final [s]atisfaction of the [c]onsent [j]udgment," a "general release" from Alliance, and stipulation of dismissal of the Law Division action, including Reguitti's previously filed counterclaim.  Reguitti's payment by the escrow agent was delayed stating Alliance failed to respond to the "time sensitive" letter.  Alliance accepted the escrow agent's May 2014 warrant to satisfy the obligation, but declined Reguitti's demand for a general release.  Alliance requested the Law Division enter default against Reguitti.
> On July 2, 2014, Reguitti moved for default on his previously filed counterclaim.  Alliance responded,

6

asserting Reguitti's action was frivolous, and requested Reguitti withdraw his application within twenty-eight days because no Law Division responsive pleadings were served upon Alliance, and no factual or legal basis existed for relief. This engendered additional motion practice.

Alliance moved to dismiss its action as to Reguitti and to dismiss Reguitti's counterclaim. Alliance explained Reguitti filed no pleadings in the Law Division, and it never received the District Court pleadings, which likely were electronically filed. Further, Alliance maintained Reguitti's recent request for default was moot, as a stipulation to dismiss with prejudice was circulated as to all claims between Alliance and Reguitti regarding the Kris–Pak debt. However, Reguitti cross-moved for a judgment on its counterclaim.

The motion judge issued an order on September 8, 2014. The order dismissed Alliance's complaint against Sananjos and denied Alliance's request for sanctions. Further, the order denied Alliance's request to dismiss the counterclaim, because default was entered. Apparently, judgment on the counterclaim was also denied. The record contains no statement of reasons.

Civil case management assigned a September 22, 2014 trial date. Alliance wrote to the Clerk's office explaining default judgments were entered against all but one recently named defendant (not Reguitti), and default against that defendant was pending. Alliance closed its letter stating "this case should be removed from the trial list."

7

On September 22, 2014, a different judge (the trial judge) considered the matter. On that date, Reguitti appeared, Alliance did not . . . .

. . . .

During the [subsequent] hearing, Reguitti's counsel moved for entry of a default judgment against Alliance on its counterclaim. He sought an award of sanctions amounting to attorney's fees and costs expended as a result of Alliance's violation of the [Consent Judgment]. The trial judge allowed Reguitti to submit proof of the amount due.

Alliance moved to vacate default on October 22, 2014, stating default was improvidently granted and restated its position. Believing Alliance did not file opposition to the requested amount of sanctions, the trial judge entered final judgment, ordering Alliance to pay $21,750. That same day, Alliance filed a letter memorandum explaining it was unaware a trial was held, as it relied on its prior correspondence explaining trial was unnecessary.

The motion judge was assigned to review Alliance's application to vacate default and dismiss the counterclaim. The October 10, 2014 order denied the request as moot because a default judgment was entered. Alliance then moved to vacate the default judgment. Reguitti opposed the motion. The matter returned to the trial judge, who issued an order and written opinion on December 2, 2014. The order vacated default and default judgment and scheduled an evidentiary hearing, on a date agreed to by counsel.

Subsequent correspondence and orders reflect the trial judge's intention was to limit Alliance's challenge to the amount of fees paid as sanctions. Alliance

objected insisting once the court vacated default judgment and default, the right to challenge the validity of the underlying counterclaim remained. Alliance urged there was no basis to award relief on the counterclaim because there was no violation of the [Consent Judgment]. This disagreement prompted Alliance to again move to dismiss Reguitti's counterclaim and request sanctions for advancing frivolous litigation.

[Id. at 6-10.]

By orders dated May 29, 2015, the trial court denied Alliance's motion to dismiss the counterclaim, granted Reguitti's motion for sanctions and ordered Alliance to pay $21,750 in attorney's fees. We reversed the May 29, 2015 orders and remanded the case for proceedings "including case management and scheduling of Alliance's motion to dismiss Reguitti's motion seeking judgment on the counterclaim." Id. at 24.

On September 8, 2017, Alliance filed a motion for summary judgment to dismiss the counterclaim of Sananjos and Reguitti. On October 3, 2017, Reguitti filed opposition to the motion and a cross-motion for sanctions under Rule 1:4-8 for a "completely frivolous and unnecessary motion."

By orders dated December 15, 2017, Alliance's summary judgment motion was granted, dismissing the counterclaim, but Reguitti's cross-motion for

sanctions was denied. The court's reasons were set forth orally on October 31, 2017, when the motions were argued, and December 15, 2017.

The trial court granted Alliance's motion for summary judgment finding Reguitti's counterclaim was "untenable" and that was "because the only damages sought [were] attorney's fees." The trial court noted that in this case, the counterclaim was based on the claim by Reguitti that Alliance violated the federal Consent Judgment. Reguitti's counterclaim stated:

> That as the sole and direct consequence of the actions of plaintiff and its attorney, defendant Reguitti has been forced to retain counsel and incur fees and costs and expenses in order to protect himself from the proper actions of plaintiff and its counsel, and such fees, costs, and expenses will continue to accrue.

The trial court reasoned that unless there was "authorization by contract, statute or [court] rule, the American Rule required each party to be responsible to pay their own attorney." The court observed that even if defendant were successful on the merits of his counterclaim, in this case, "the only damages pled are attorney[']s fees which are not recoverable" in light of the American Rule.

Following the trial court's December 15, 2017 order, Alliance filed a motion on January 3, 2018, seeking sanctions against Reguitti and his attorney "for filing and continuing frivolous litigation." In his supporting certification,

Alliance's counsel asserted that Reguitti "never had any legal basis whatsoever to be awarded counsel fees."

In seeking attorney's fees against Reguitti's attorney under <u>Rule</u> 1:4-8, Alliance contended that the counterclaim was presented for an improper purpose to harass Alliance, cause delay and increase litigation costs because once Alliance was willing to dismiss its complaint, Reguitti continued to pursue his counterclaim, which was without any merit. <u>See</u> <u>R.</u> 1:4-8(a)(1) and (2). This was so even though Alliance served counsel with a twenty-eight day notice pursuant to <u>Rule</u> 1:4-8.

On January 11, 2018, in response to a motion filed by Reguitti for reconsideration of the December 15, 2017 order, Alliance sent a letter to Reguitti's attorney advising the reconsideration motion was frivolous, it should be withdrawn within twenty-eight days and if not, that additional frivolous litigation sanctions would be requested. Reguitti opposed Alliance's motion for sanctions. He argued that Alliance's refusal to provide a release "functionally precluded the resolution of this case . . . while incurring thousands of dollars in fees and costs not to mention acceleration of his structured federal settlement and having to pay interest on the $44,000 in borrowed funds."

A-2531-17T1

By order dated January 19, 2018, the trial court denied Alliance's motion for sanctions. The order provided that "[n]either the prior ruling of this Court, nor the current motion record presented, provide a basis for sanctions, fees or costs." On February 2, 2018, the court denied defendant's motion for reconsideration.

I.

In appeal A-2531-17, Alliance appeals from the trial court's January 19, 2018 order. It argues that in New Jersey, courts "punish filers of frivolous claims and compensate prevailing parties forced to defend frivolous claims." Alliance blames Reguitti and his attorney for the delay in this case. It contends that his counterclaim was commenced and maintained in bad faith and to harass Alliance, it had no basis in law or equity and could not be supported by any good faith extension, modification or reversal of existing law. It argues that this order was entered without an oral or written opinion and without providing findings of fact or conclusions of law.

We review a decision addressing sanctions under Rule 1:4-8 for abuse of discretion. United Hearts, L.L.C. v. Zahabian, 407 N.J. Super. 379, 390 (App. Div. 2009) (citing Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005)). An abuse of discretion "arises when a decision is 'made without a

rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigration & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

We discern no abuse of discretion by the trial court in denying Alliance's request for sanctions under N.J.S.A. 2A:15-59-1 or Rule 1:4-8. Frivolous litigation sanctions serve to deter that conduct and to compensate victims. See Toll Bros. Inc., v. Twp. of West Windsor, 190 N.J. 61, 67 (2007) (quoting Deutch & Shur, P.C. v. Roth, 284 N.J. Super. 133, 141 (App. Div. 1995)). We restrictively interpret what is "'frivolous' in order to avoid limiting access to the court system." Zahabian, 407 N.J. Super. at 390 (quoting First Atl. Fed. Credit Union v. Perez, 391 N.J. Super. 419, 432 (App. Div. 2007)). Under N.J.S.A. 2A:15-59.1, litigation is frivolous when it is "commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury" or where the party "knew, or should have known, that the complaint, counterclaim, cross-claim or defense was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." N.J.S.A. 2A:15-59.1(b). Under Rule 1:4-8, a party can seek frivolous litigation sanctions against an attorney.

There was ample support in the record for the court's conclusion that both parties had the opportunity to end the litigation but did not. Reguitti tendered the amount outstanding in 2014, but requested a general release. Alliance would not give Reguitti a release, providing that the order that dismissed the case with prejudice was all that was necessary. The parties never compromised on those issues.

Defendant's counterclaim was not based on a New Jersey statute, contract or court rule, and in this regard, it could not be sustained under the American Rule. However, he did cite to out-of-state cases as authority for an additional exception that he sought to have the court apply in this case. See infra. There must be no "good faith argument for an extension, modification or reversal of existing law" for the litigation to be frivolous under N.J.S.A. 2A:15-59.1(b) (2).

We have carefully reviewed the detailed history of this case. We are fully satisfied that the trial court's decision, not to impose sanctions in this case, was not a misapplication of discretion; it was not made without rational explanation, did not rest on an impermissible basis, and did not depart from well-established policies. See Flagg, 171 N.J. at 571.

In appeal A-3936-17, Reguitti contends the trial court erred by dismissing his counterclaim and by denying reconsideration. He argues the American Rule should not apply in this case where the attorney's fees he incurred were the result of Alliance's knowing and intentional breach of the Consent Judgment. With one exception, he cites out-of-state cases in support of his argument.

Reguitti's counterclaim against Alliance alleged that the Consent Judgment prohibited further proceedings against him. Because Reguitti contends that Alliance succeeded to the rights and obligations of Krisp-Pak, he argues that Alliance was limited in its pursuit of him to the terms of the Consent Judgment as long as he was not in default of those provisions. Because Alliance would not forgo its claim against him, even though he was not in breach of the Consent Judgment, Reguitti was "forced" to retain an attorney in response to Alliance's claims, and he incurred attorney's fees as damages. Reguitti's counterclaim alleged that Alliance violated the Consent Judgment by seeking more than Krisp-Pak had agreed to in its settlement with Sananjos and Reguitti. Defendant acknowledged that his counterclaim only sought attorney's fees as damages.

New Jersey courts have traditionally adhered to the American Rule with respect to the award of attorney's fees. Walker v. Giuffre, 209 N.J. 124, 127 (2012). The American Rule provides that "absent authorization by contract, statute or rule, each party to a litigation is responsible for the fees charged by his or her attorney." Ibid.

We review summary judgment using the same standard that governs the trial court. Murray v. Plainfield Rescue Squad, 210 N.J. 581, 584 (2012). Thus, we consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Liberty Surplus Ins. Corp., Inc. v. Nowell Amoroso, P.A., 189 N.J. 436, 445-46 (2007) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 536 (1995)).

The trial court was correct to apply the American Rule in considering whether to grant summary judgment on the counterclaim and dismiss it. Defendant does not dispute that his claim for attorney's fees was not based on an authorizing statute or court rule, nor was there a provision in the Consent Judgment that allowed for an award of attorney's fees. Thus, under the American Rule, Reguitti had no entitlement to an award of attorney's fees on the counterclaim.

A-2531-17T1

Instead, Reguitti contends there should be an exception to the American Rule when attorney's fees are "foreseeable and direct compensatory damages," that arise from the breach of a contract not to sue. This should be distinguished from attorney's fees that are incurred "adjunct to a primary cause of action." Reguitti relies on <u>Line & Nelson v. Nelson & Smalley</u>, 38 N.J.L. 358 (Sup. Ct. 1876), arguing that where there is a breach of a covenant, the American Rule does not apply. <u>Line & Nelson</u> involved a party suing another to recover the balance on a promissory note where the question was whether one party's payment released another from their obligation under the note. The court held that "an agreement not under seal to discharge a particular person, or not to sue him, does not extinguish the debt, and therefore cannot bar the suit to recover it." <u>Id.</u> at 360. It observed:

> [f]or the same reason, a covenant not to sue one of several obligors is not pleadable in bar to an action on the bond; it does not amount to a release, but is a covenant only, and the covenantee is put to his cross action to recover the damages which a breach may occasion him.
>
> [<u>Id.</u> at 360].

The case has no application because defendant has not established there was a covenant undertaken by plaintiff to defendant and this was not a suit by signatories to a promissory note. Alliance was not a signatory to the Consent

17

Judgment. Line & Nelson has not been cited as an exception to the American Rule.

Reguitti cites out-of-state cases to support his contention the American Rule exceptions should be expanded. We are not persuaded to his position. We find no value in defendant's reliance on unpublished decisions that have no precedential value in their own jurisdictions, let alone ours. The other cases cited are not persuasive. In CitiMortgage, Inc. v. Rey, 92 A.3d 278 (Conn. App. Ct. 2014), the decision was limited because the court did not consider the merits of the counterclaim for damages. Also, Microsoft Corp. v. Motorola, Inc., 963 F. Supp. 2d 1176 (W.D. Wash. 2013) was expressly limited to the circumstances of that patent case, which was not analogous to this case. We agree with the trial court, therefore, that Reguitti's counterclaim properly was rejected based on the American Rule. His subsequent motion for reconsideration added nothing to the mix that dissuades us from affirming the trial court.

After carefully reviewing the record and the applicable legal principles, we conclude that the parties' further arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

With respect to both A-2531-17 and A-3936-17, we affirm.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2531-17T1